IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| City of Galveston,<br>　　Plaintiff,<br><br>v.<br><br>Sonya Porretto,<br>　　Defendant. | §<br>§<br>§<br>§ CIVIL ACTION NO. _____<br>§ On removal from the Municipal Court of City<br>§ of Galveston, Texas: Citation No. 090326<br>§<br>§<br>§ |

**SONYA PORRETTO'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS (GALVESTON DIVISION)**

Pursuant to 28 U.S.C. §§ 1331, 1334, 1367, 1441 and 1446, Sonya Porretto ("Porretto") hereby gives notice and removes this case which arises from the City of Galveston's Citation No. GM 090326 ("Municipal Action") to the United States District Court for the Southern District of Texas (Galveston Division). This case is related to the case *Sonya Porretto v. The City of Galveston Park Board of Trustees, City of Galveston, and General Land Office,* United States District Court for the Southern District of Texas (Galveston Division), Case No 3:21-cv-00359 (Judge Brown) ("Porretto Federal Litigation").

**OVERVIEW**

The removed Citation issued and served on June 29, 2022, which initiated this case may be the most overtly egregious abuse of government power the City of Galveston ("City") has taken against Ms. Porretto to date. This case is the latest chapter in a decades long saga with government entities which appear to be working in concert strategizing for ways to disrupt Ms. Porretto's[1] use

---

[1] And, before her, her father's use and maintenance.

and maintenance of her privately owned beachfront property located in the City of Galveston along the Seawall.

On the face of the Citation, it is apparent that the City Attorney has dispensed with any semblance of propriety. A copy of the Citation with notes to highlight the egregiousness of the citation is pasted below. Personal information is redacted. A copy of the Citation is attached hereto as Exhibit A.



1. **Citation shows City Attorney/Chief Municipal Prosecutor[2] as the Witness**: The Citation shows that Donald Glywasky, the City Attorney and Chief Municipal Prosecutor[3], put aside the ethics and professionalism rules governing lawyers and prosecutors to go after Ms. Porretto in a transparent effort at forum shopping by duplicating the proceedings to try to take the disputes pending before this Court in the Porretto Federal Litigation to the Municipal Court where the City Council ultimately appoint the judge.

Mr. Glywasky is identified as the witness on the Citation. The City Code provides he is the Chief Municipal Prosecutor. So, for this Citation, the Prosecutor and Witness are one and the same. On information and belief, Mr. Glywasky also ordered the Galveston Police Department ("GPD") to serve and issue the citation on Ms. Porretto without any independent investigation by GPD. On information and belief, the police officer who served the citation did not know what particular sections of the City Code were allegedly violated or what actions were deemed violations and could not put Ms. Porretto on proper notice as to what violations she engaged in which justified a citation.

The Citation suggests Ms. Porretto should be given leave to assert additional claims in the Porretto Federal Litigation where she has already alleged harassment and intimidation. Now, it appears to be that there are claims for abuse of process and official oppression implicating potential

---

[2] Sec. 22-61 of the Galveston City Code provides "the city attorney shall be the chief municipal prosecutor.

[3] Mr. Glywasky has several disconcerting Facebook posts for someone who serves as the City Attorney and Chief Municipal Prosecutor. Posts which would be alarming to any private property owner who hopes for fair and just treatment in dealing with the City Attorney. One post shows Mr. Glywasky in a communist party t-shirt and only when questioned suggests it was a gift from his son who has the same sense of humor as him. Another post is a meme with a quote attributed to John F. Kennedy "You cannot negotiate with people who say what's mine is mine and what's yours is negotiable." Another meme is a quote attributed to Joseph Stalin: "It is enough that the people know there was an election. The people who cast the votes decide nothing. The people who count the votes decide everything." Mr. Glywasky included an editorial with the Stalin meme stating: "Part of the reason people are suspicious of the process."

claims under 42 USC § 1983. This case should be consolidated with the pending Porretto Federal Litigation.

2. **Citation cites Ms. Porretto for Performance of Work but indicates No Work Zone and No Workers Present.** The Citation on its face is internally inconsistent. The Citation has the boxes checked "No" for "Workers Present" and "Work Zone," yet cites Ms. Porretto for "performance of work in violation of City Code Sec 1-7 & Sec. 29-2". On information and belief, Mr. Glywasky claims to be a witness but was present on any part of Porretto Beach on June 29, 2022, and has no personal knowledge to serve as a witness. Further, the Citation does not identify what specific work was allegedly done which required a permit, where the work was done, and what specific section of the ordinances was allegedly violated.

3. **Citation Does Not Identify the Location of the Work Sufficient to Put Ms. Porretto on Notice.** The Citation refers generally to Porretto Beach and not a specific municipal address. Porretto Beach includes tracts that span from 6th Street to 27th Street. The Citation fails to put Ms. Porretto on proper notice of what violation she committed.

4. **City Attorney acknowledges that the Citation relates to the Porretto Federal Litigation.** About 38 minutes prior to the Citation being issued, the City Attorney sent a letter to Ms. Porretto's counsel in the Porretto Federal Litigation which was unclear as to what was being alleged to be a violation. *See,* Exhibit B. The City Attorney knows that Ms. Porretto has taken action since May 2021 to mitigate the damage caused because the City let the Galveston Park Board of Trustees destroy Stewart Beach, a city property, and caused flooding

on adjacent properties and other damage including Ms. Porretto's property.[4] The June 29, 2022, letter referred back to an April 2021 letter[5] which is the subject of allegations in the Porretto Federal Litigation.  *See*, Exhibit C (copy of Third Amended Complaint with exhibits) and Exhibit D (April 28, 2021, Glywasky Letter).

Therefore, the City Attorney acknowledged that the June 29, 2022, letter and Citation are directly related to the first filed pending Porretto Federal Litigation.

Notably, the June 29, 2022, letter was sent not only to Ms. Porretto's counsel in the Porretto Federal Litigation but also to Carla Cotropia, the general counsel for the Galveston Park Board of Trustees, and Barry Abrams, the lead counsel for the City and Park Board in the Porretto Federal Litigation.  As such, it appears that Donald Glywasky was working in concert with the other counsel for the City and Park Board, because it would be unusual to copy attorneys for third parties like the Park Board when issuing a code violation to a citizen.

Mr. Glywasky has shown he is a key fact witness related to the allegations Ms. Porretto asserted in the Porretto Federal Litigation and any communications between city employees and Mr. Glywasky regarding Ms. Porretto or her property should not be subject to any privilege.   On information and belief, Mr. Glywasky spoke or emailed with elected officials who he is protecting by serving as the "witness" on the citation.

5. **Citation Appears to Be Retaliatory and for an Improper Purpose** - Further, on information and belief, the City of Galveston ("City"), Park Board, and the neighboring property

---

[4] Earlier in the Spring of 2021, Ms. Porretto took action to repair other damage caused by the Park Board while the property was under the administration of the Bankruptcy Trustee before it was abandoned back to Ms. Porretto.

[5] Both the June 29, 2022, and April 28, 2021, letters from Mr. Glywasky are self-serving and make gross misrepresentations. For example, the misrepresentations include but are not limited to, the City Marshals never provided notice or cited Ms. Porretto for any alleged code violations for work performed on the property she owns after the property was abandoned back to her from the Chapter 7 Trustee in her bankruptcy proceedings in June 2020. She was not cited by GPD or anyone else either. The only reference to any alleged work was in Mr. Glywasky's April 2021 letter which was a response to a cease and desist sent by Ms. Porretto. Mr. Glywasky's letter had errors on the face such as alleging Porretto Beach was a ½ mile away from Stewart Beach.

owner who was involved in an effort to purchase Porretto Beach in Ms. Porretto's bankruptcy worked in concert to attempt to continue flooding Ms. Porretto's property taking actions in the hopes it would flood her property out before the big July 4, 2022 weekend. Ms. Porretto worked to repair the damage done and mitigate the impact of the work that the Park Board and neighboring owner were taking.  When it was apparent that Ms. Porretto had taken proper precaution to mitigate the flooding, the neighboring property owner got angry. On June 28, 2022, the neighboring owner spoke to Ms. Porretto's son who informed him that Ms. Porretto was taking remedial action. On that same date, Ms. Porretto's counsel in the Porretto Federal Litigation reached out to the neighboring owner regarding the work his contractor apparently did to decrease elevation in parts of the neighboring property and issues with flowage coming from Stewart Beach exacerbated by years of excavation and scraping. The very next day the Citation was issued to Ms. Porretto with the City Attorney taking the extraordinary step of being the witness, prosecutor and the one ordering the Galveston Police Department to serve the Citation. On information and belief, the contractor referenced in the June 29, 2022, letter from Mr. Glywasky was actually the contractor for the neighboring property owner.

On the same date that this removal was filed, the neighboring property owner was on Porretto Beach with additional contractors alleging he was constructing a drain and that he had a right to free access of the beach. His contractors had commenced excavating sand on Ms. Porretto's property without any authority.  The Galveston Police Department were called out because of the trespassing.  On information and belief, the neighboring property owner was not issued a citation for any code violation, trespassing or theft of sand.  This shows the disparity in how Ms. Porretto the City treats Ms. Porretto.

## Removal Requirements

Ms. Porretto represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

**Procedural Requirements**

1. Sonya Porretto was served with the municipal citation on June 29, 2022. *See,* **Exhibit A**.

2. This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of the Citation and within thirty days of service of process as required by 28 U.S.C. § 1446(b), as computed pursuant to Fed. R. Civ. P.6(a).

3. Pursuant to 28 U.S.C. § 1446(a), the Citation is attached as **Exhibit A**. In addition, a letter dated June 29, 2022, letter from Mr. Glywasky to Ms. Porretto's attorney is attached as **Exhibit B**. The June 29, 2022, letter refers back to an April 28, 2021 letter which is referenced in the Third Amended Complaint in the Porretto Federal Litigation. *See,* **Exhibit C and Exhibit D.**

4. This court has jurisdiction under: i) 28 USC §1331 (the Citation raises constitutional defenses and potential counterclaims arising under Federal law on its face, including but not limited to due process, given the witness for the Citation is also the Chief Municipal Prosecutor for enforcing ordinances and the allegation that Code Sec. 29-2 is unconstitutionally being applied to a private property owner); ii) Section 28 USC §1334 (involves property that was subject to the Court's jurisdiction in Bankruptcy and is the subject of pending litigation arising from the Bankruptcy); and, iii) supplemental jurisdiction 28 USC §1367 given the transaction and occurrences related to the Citation are directly related to the Porretto Federal Litigation.

**Venue and Removal Under 28 U.S.C. §§ 1446(a), 1441**

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) in the United States District Court for the Southern District of Texas Galveston Division.

6. This matter is removable under 28 U.S.C. § 1441 as a civil action over which the United States District Court for the Southern District of Texas (Galveston) has original subject matter jurisdiction under 28 U.S.C. § 1331 and 1334.

7. The Citation seeks to assert civil penalties against Ms. Porretto for an undefined alleged violation of two ordinances without specifying which subsections of the ordinances or the acts that were a violation.

8. On information and belief, Donald Glywasky, the City Attorney decided, as the sole identified witness, to issue the citation to Ms. Porretto and ordered the Galveston Police Department ("GPD") to issue and serve it on Ms. Porretto. Under State Law, a code enforcement citation must be issued by a peace officer or registered code enforcement officer so the City Attorney could not do it on his own. As such, the City Attorney used the power of his office to order the GPD to do it for him.

9. The service of a citation by a Galveston Police Department officer suggests that the City Marshal, who is tasked with code enforcement, refused to issue a citation and/or was bypassed. The handling of this citation is unlike other citations and shows Ms. Porretto was subjected to disparate treatment and a lack of proper due process under the 14th Amendment. Notwithstanding the foregoing, the City should be required to properly plead what violations are alleged and how such ordinances apply to Ms. Porretto's property, especially when City documents have removed Ms. Porretto's property from various maps showing it is not subject to the same requirements as public beach property.

10. The City and Park Board sought to stay all discovery in the Porretto Federal Litigation. Ms. Porretto alleged in her Third Amended Petition that the actions of Mr. Glywasky and Ms. Cotropia, counsel for the Park Board, were to harass and intimidate her. Therefore, the fact that Mr. Glywasky copied Ms. Cotropia on his June 29, 2022, letter alleging a code violation shows the City and Park Board continuing to work in concert. It is not standard operating procedure to send code violation notices to third parties but not provide direct notice to the person who the City alleged violated an ordinance.

11. Ms. Porretto would need to seek leave from this Court in the Porretto Federal Litigation to conduct discovery related to the Citation at issue in this removed case, because the issues related to the Citation directly overlap with the pending Porretto Federal Litigation and she could be in violation of the Court's Order. This alone is a reason for the matters to be consolidated.

12. It appears the Citation was issued as an end-run to avoid the Federal Court's jurisdiction. On information and belief, the City issued the Citation as a strategic ploy to allege that the municipal court would have exclusive jurisdiction of such dispute.

13. However, civil penalties for an alleged municipal code violation are civil in nature not criminal. *Tull v. United States*, 481 U.S. 412 (1987 (The Supreme Court has already considered the "nature" of an action for civil penalties based on pollution and unsurprisingly concluded that such actions are civil.) To determine whether the action was civil, the Supreme Court considered "both the nature of the action and of the remedy sought." *Id.* at 417, 421.

14. Under Texas Local Government Code 54-019, the penalty in the civil code is deemed civil in nature and the party is not subject to imprisonment.

15. Federal law determines whether a state court action is removable under the federal removal statute. 14 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3721, at 36-37 (4th ed. 2009 & Supp. 2010); *see Mach v. Triple D. Supply, LLC.*, 773 F. Supp. 2d 1018,

9

1045(D. N.Mex. 2011); *see also Grubbs v. Gen. Elec. Corp*., 405 U.S. 699, 705 (1972).

16. State law is relevant, however, to determine whether an action is a "civil action" and thus removable under Section 1441(a). *See Mach, 773 F. Supp. 2d at 1030*.

17. The Texas Supreme Court decision in *Texas Propane Gas Association v. The City of Houston*, 622 S.W.3d 791 (Tex. 2021) provides that "civil courts have jurisdiction to enjoy or declare void an unconstitutional penal ordinance when 'there is the threat of irreparable injury to vested property rights.'" *Id.* (quoting *Morales*, 869 S.W.2d at 945).

18. The actions the City of Galveston took and continue to take against Ms. Porretto's property rights show a threat of irreparable injury to her vested property rights. Ms. Porretto is being disparately treated compared to other private property owners. The City is attempting to prevent her from properly maintaining the beach according to the historic methods that have been used and/or prevent her from taking reasonable efforts to mitigate the damage those acting in concert with the City are attempting to take to further flood and erode her property. If there is erosion, the property is lost forever, and the growth is limited. Also, absent mitigation, she runs the risk of being denied use of her property for all purposes if the adjoining property owners such as the City are allowed to continue to flood her property out which could cause the creation of an alleged wetlands despite the fact that the property is accreting and a determination of a wetlands will limit her rights to develop and use the property.

19. The essence of the disputes in this case are civil.

20. Ms. Porretto contends that the city is applying and adopting codes and plans which they apply arbitrarily, capriciously, and inconsistently in violation of law.

21. Ms. Porretto disputes that she was in violation of Sections 1-7 or 29-2 of the City Code.

22. The City should be required to file a proper Complaint with specific allegations and comply with Rule 8 pleading requirements.

23. Mr. Glywasky and the attorneys who he supervises should be disqualified as the attorney and "prosecutor" for the City given he is identified as the key witness on the Citation. *See,* Texas R. Disc. Prof's Cond. Rule 3.08 and 3.09. His communications with all employees and officials should not be protected by privilege.

24. When the prosecutor is the witness, it shows that the prosecutor is not complying with his fundamental duty to see that justice is done. "It is the primary duty of a municipal prosecutor not to convict, but to see that justice is done." Article 45.201(d)Texas Code of Criminal Procedure.

## CONCLUSION

Porretto hereby removes this action to the United States District Court for the Southern District of Texas (Galveston Division). By filing this Notice of Removal, Porretto expressly consents to the removal. Undersigned counsel certifies that a notice of filing removal, along with a copy of this Notice of Removal, will be promptly filed with the Municipal Court of the City of Galveston via the e-mail listed on the website for the Galveston Municipal Court. Porretto respectfully requests that the Court Order the City of Galveston to file a complaint which meets the requirements of Rule 8 and disqualifying Donald Glywasky as counsel for the City. Porretto further requests that this matter be consolidated by the Court with the Porretto Federal Litigation. Porretto further prays for any other relief the Court deems fair and equitable.

/s/ Deirdre Carey Brown
Deirdre Carey Brown
Texas Bar No. 24049116
FORSHEY & PROSTOK, LLP
1990 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Ph 832-536-6910
Fax 832-310-1172
dbrown@forsheyprostok.com
Counsel for Sonya Porretto

## CERTIFICATE OF SERVICE

I certify that a copy of this notice of removal was served on Donald Glywasky via e-mail and on the Galveston Municipal Court via email on July 19, 2022, and via first class mail on July 20, 2022.

| 7/19/2022 | /s/Deirdre Carey Brown |
|---|---|
| Date | Deirdre Carey Brown |