IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| City of Galveston,<br> Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 3:22-CV-00256<br>On removal from the Municipal Court of City |
| Sonya Porretto,<br> Defendant. | §<br>§<br>§ | of Galveston, Texas: Citation No. 090326 |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES SONYA PORRETTO, Defendant in the instant case, who submits this answer Answer, Affirmative Defenses and Counterclaim, and in support thereof, would show the Court as follows:

**ADMISSIONS AND DENIALS**

1. The Citation involved in this case was issued and served on June 29, 2022. On the face of the Citation, it is apparent that the City Attorney has dispensed with any semblance of propriety. A copy of the Citation with notes to highlight the egregiousness of the citation is pasted below. Personal information is redacted.

2. The Citation is pasted below:



3. **Citation shows City Attorney/Chief Municipal Prosecutor[1] as the Witness**: The Citation shows that Donald Glywasky, the City Attorney and Chief Municipal Prosecutor,[2] put aside the ethics and professionalism rules governing lawyers and prosecutors to go after Ms. Porretto in a transparent effort at forum shopping by duplicating the proceedings to try to take the disputes pending before this Court in the Porretto Federal Litigation to the Municipal Court where

---

[1] Sec. 22-61 of the Galveston City Code provides "the city attorney shall be the chief municipal prosecutor."

[2] Mr. Glywasky has several disconcerting Facebook posts for someone who serves as the City Attorney and Chief Municipal Prosecutor. Posts which would be alarming to any private property owner who hopes for fair and just treatment in dealing with the City Attorney. One post shows Mr. Glywasky in a communist party t-shirt and only when questioned suggests it was a gift from his son who has the same sense of humor as him. Another post is a meme with a quote attributed to John F. Kennedy "You cannot negotiate with people who say what's mine is mine and what's yours is negotiable." Another meme is a quote attributed to Joseph Stalin: "It is enough that the people know there was an election. The people who cast the votes decide nothing. The people who count the votes decide everything." Mr. Glywasky included an editorial with the Stalin meme stating: "Part of the reason people are suspicious of the process."

the City Council ultimately appoint the judge.

4. Mr. Glywasky is identified as the witness on the Citation. Since the Removal action was filed, Mr. Glywasky emailed Ms. Porretto's counsel stating that he was not a witness and the "ticket" will be dismissed. However, the City has taken no action to dismiss this case:



5. The City Code provides Mr. Glywasky is the Chief Municipal Prosecutor. So, for this Citation, the Prosecutor and Witness are one and the same.

6. On information and belief, Mr. Glywasky also ordered the Galveston Police Department ("GPD") to serve and issue the citation on Ms. Porretto without any independent investigation by GPD. On information and belief, the police officer who served the citation did not know what particular sections of the City Code were allegedly violated or what actions were deemed violations and could not put Ms. Porretto on proper notice as to what violations she engaged in which justified a citation.

7. The Citation on its face is internally inconsistent. The Citation has the boxes checked "No" for "Workers Present" and "Work Zone," yet cites Ms. Porretto for "performance of work in violation of City Code Sec 1-7 & Sec. 29-2". On information and belief, Mr. Glywasky claims to be a witness but was present on any part of Porretto Beach on June 29, 2022, and has no

personal knowledge to serve as a witness. Further, the Citation does not identify what specific work was allegedly done which required a permit, where the work was done, and what specific section of the ordinances was allegedly violated.

8. **Citation Does Not Identify the Location of the Work Sufficient to Put Ms. Porretto on Notice**. The Citation refers generally to Porretto Beach and not a specific municipal address. Porretto Beach includes tracts that span from 6th Street to 27th Street on non-contiguous tracts with other property owned by other owners also in that same area. The Citation fails to put Ms. Porretto on proper notice of what violation she committed and at what property by failing to list an address or specific property description.

9. The City Attorney acknowledges that the Citation relates to the Porretto Federal Litigation. About 38 minutes prior to the Citation being issued, the City Attorney sent a letter to Ms. Porretto's counsel in the Porretto Federal Litigation which was unclear as to what was being alleged to be a violation.

10. The City Attorney knows that Ms. Porretto has taken action since May 2021 to mitigate the damage caused because the City let the Galveston Park Board of Trustees destroy Stewart Beach, a city property, and caused flooding on adjacent properties and other damage including Ms. Porretto's property.[3]

11. The June 29, 2022, letter referred back to an April 2021 letter[4] which is the subject of allegations in the Porretto Federal Litigation. *See*, Exhibits to Notice of Removal.

---

[3] Earlier in the Spring of 2021, Ms. Porretto took action to repair other damage caused by the Park Board while the property was under the administration of the Bankruptcy Trustee before it was abandoned back to Ms. Porretto.

[4] Both the June 29, 2022, and April 28, 2021, letters from Mr. Glywasky are self-serving and make gross misrepresentations. For example, the misrepresentations include but are not limited to, the City Marshals never provided notice or cited Ms. Porretto for any alleged code violations for work performed on the property she owns after the property was abandoned back to her from the Chapter 7 Trustee in her bankruptcy proceedings in June 2020. She was not cited by GPD or anyone else either. The only reference to any alleged work was in Mr. Glywasky's April 2021 letter which was a response to a cease and desist sent by Ms. Porretto. Mr. Glywasky's letter had errors on the face such as alleging Porretto Beach was a ½ mile away from Stewart Beach.

12. Therefore, the City Attorney acknowledged that the June 29, 2022, letter and Citation are directly related to the first filed pending Porretto Federal Litigation.

13. Notably, the June 29, 2022, letter was sent not only to Ms. Porretto's counsel in the Porretto Federal Litigation but also to Carla Cotropia, the general counsel for the Galveston Park Board of Trustees, and Barry Abrams, the lead counsel for the City and Park Board in the Porretto Federal Litigation. As such, it appears that Donald Glywasky was working in concert with the other counsel for the City and Park Board, because it would be unusual to copy attorneys for third parties like the Park Board when issuing a code violation to a citizen.

14. Mr. Glywasky has shown he is a key fact witness related to the allegations Ms. Porretto asserted in the Porretto Federal Litigation and any communications between city employees and Mr. Glywasky regarding Ms. Porretto or her property should not be subject to any privilege. On information and belief, Mr. Glywasky spoke or emailed with elected officials who he is protecting by serving as the "witness" on the citation.

15. Further, on information and belief, the City of Galveston ("City"), Park Board, and the neighboring property owner who was involved in an effort to purchase Porretto Beach in Ms. Porretto's bankruptcy worked in concert to attempt to continue flooding Ms. Porretto's property taking actions in the hopes it would flood her property out before the big July 4, 2022 weekend. Ms. Porretto worked to repair the damage done and mitigate the impact of the work that the Park Board and neighboring owner were taking. When it was apparent that Ms. Porretto had taken the proper precautions to mitigate the flooding, the neighboring property owner got angry. On June 28, 2022, the neighboring owner spoke to Ms. Porretto's son who informed him that Ms. Porretto was taking remedial action. On that same date, Ms. Porretto's counsel in the Porretto Federal Litigation reached out to the neighboring owner regarding the work his contractor apparently did

to decrease elevation in parts of the neighboring property and issues with flowage coming from Stewart Beach exacerbated by years of excavation and scraping. The very next day the Citation was issued to Ms. Porretto with the City Attorney taking the extraordinary step of being the witness, prosecutor and the one ordering the Galveston Police Department to serve the Citation. On information and belief, the contractor referenced in the June 29, 2022, letter from Mr. Glywasky was actually the contractor for the neighboring property owner.

16. On July 19, 2022, the neighboring property owner was on Porretto Beach with additional contractors alleging he was constructing a drain and that he had a right to free access of the beach. His contractors had commenced excavating sand on Ms. Porretto's property without any authority. The Galveston Police Department were called out because of the trespassing. On information and belief, the neighboring property owner was not issued a citation for any code violation, trespassing or theft of sand. This shows the disparity in how the City treats Ms. Porretto.

17. Nothing in the Citation makes any showing on how the ordinances cited in the Citation are relevant to private property like Ms. Porretto's which are subject to a final judgment ratifying Ms. Porretto's ownership, use and enjoyment of the property consistent with the historic operations of Porretto Beach. Further, that judgment acknowledges that Porretto's property was accreting for long periods of time. During that time, the City and others relied on the false assertions that the property was eroding to adopt plans, ordinances, maps and other data regarding

beaches which should be void or voidable due to the false assertions but at a minimum are inapplicable to Porretto Beach since they do not recognize the fact it was accreting all those years.

## AFFIRMATIVE DEFENSES

Porretto alleges the following defenses with respect to the causes of action alleged in the Citation, without alleging or admitting that she bears the burden of proof with respect to any of the defenses asserted herein where the burden of proof rests on the Plaintiff.

18. Plaintiff lacks standing.

19. The cited ordinances are unconstitutional as applied to Ms. Porretto.

20. The citation fails to state any claims against Porretto upon which relief may be granted.

21. The City's purported claims against Porretto are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

22. The City's purported claims against Porretto are barred, in whole or in part, by the doctrine of unclean hands.

## COUNTERCLAIM

The Court has jurisdiction under 42 U.S.C. § 1981, 1983, and 28 U.S.C. §§ 1331, 1334 and 1367. A remedy is sought under the Declaratory Judgment Act, 28 U.S.C. § 2201. Porretto also seeks recovery of her reasonable and necessary attorney fees, costs, and expenses through trial and all appeals.

1. Porretto alleges the citation was retaliatory and a constitutional violation of her due process and her vested property rights regarding Porretto Beach.

2. Porretto seeks a declaratory judgment that the ordinances in the citation are

inapplicable and unconstitutional to apply to her beach property.

3.     Porretto also seeks a declaratory judgment that her civil rights were violated due to the retaliatory actions of the City and she be compensated reasonable damages and legal expenses.

## CONCLUSION

Porretto hereby requests a judgment in her favor finding that the City Ordinances referenced in the Citation are inapplicable to Porretto Beach, citation is expunged from her record and all references on City or Municipal Court websites removed. Alternatively, Porretto requests that the City be required to file a complaint that meets the requirements of Rule 8 and a ruling that Donald Glywasky is disqualified as counsel for the City. Porretto further requests that this matter be consolidated by the Court with the Porretto Federal Litigation. Porretto further prays for any other relief the Court deems fair and equitable.

*[signature]*

Deirdre Carey Brown
Texas Bar No. 24049116
FORSHEY & PROSTOK, LLP
1990 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Ph 832-536-6910
Fax 832-310-1172
dbrown@forsheyprostok.com
Counsel for Sonya Porretto

## **CERTIFICATE OF SERVICE**

I certify that a copy of this notice of removal was served on Donald Glywasky via e-mail and on the Galveston Municipal Court via email on July 29, 2022, and via first class mail on July 30, 2022.

7/29/2022

Date

Deirdre Carey Brown