# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| CITY OF GALVESTON,<br>*Plaintiff,* | § § § | |
| vs. | § § § | CIVIL ACTION NO. 3:22-cv-00256 |
| SONYA PORRETTO,<br>*Defendant.* | § § § | |

# THE CITY OF GALVESTON'S MOTION TO REMAND

Barry Abrams
Attorney-in-Charge
State Bar No. 00822700
S.D. Tex. Bar No. 2138
Neil F. Young
State Bar No. 24121218
S.D. Tex. Bar No. 3635269
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
barry.abrams@blankrome.com
neil.young@blankrome.com

**ATTORNEYS FOR PLAINTIFF**
**THE CITY OF GALVESTON**

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION & OVERVIEW ................................................................ 1

    A.   The Applicable City Code Provisions. .......................................... 1

    B.   Porretto's Misdemeanor Citation. ................................................. 2

    C.   Porretto's Attempted Removal of the Municipal Court Proceeding. ............ 3

    D.   Why Remand is Appropriate. ....................................................... 3

II.  THE COURT SHOULD REMAND THIS ACTION TO MUNICIPAL COURT ................................................................................................ 3

    A.   Standard of Review. .................................................................... 3

    B.   Porretto's Attempted Removal under the Civil Removal Statute Is Improper. ..................................................................................... 4

    C.   No Criminal Removal Statue Applies. ............................................ 7

    D.   The Court Lacks Subject Matter Jurisdiction over the Municipal Action. ........................................................................................ 8

        1.   The Court does not have jurisdiction under 28 U.S.C. §1331. .......... 9

        2.   The Court does not have jurisdiction under 28 U.S.C. §1334. .......... 9

        3.   The Court does not have jurisdiction under 28 U.S.C. §1367. ........ 10

III. CONCLUSION .............................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) .......................................................... 4, 9

*Ex parte Minjares*, 582 S.W.2d 105 (Tex. Crim. App. 1978) ............................................. 6

*Georgia v. Rachel*, 384 U.S. 780 (1966) ............................................................................ 8

*Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) ................................................. 3

*Lange v. State*, 639 S.W.2d 304 (Tex. Crim. App. 1982) .................................................. 5

*In re Porretto*, No. 09-35324 (Bankr. S.D. Tex.) ............................................................. 10

*Porretto v. Galveston Park Bd. of Trustees*, No. 3:21-cv-00359 (S.D. Tex.) ................... 10

*Porretto v. Tex. Gen. Land Office*,
   No. 02CV0295 (212th Dist. Ct., Galveston County, Tex. Apr. 9, 2015) ....................... 1

*Town of Raleigh v. Caissie*, No. 3:15CV382-HTW-LRA,
   2016 U.S. Dist. LEXIS 29313 (S.D. Miss. Feb. 17, 2016) ......................................... 7, 8

*Tull v. United States*, 481 U.S. 412 (1987) ........................................................................ 7

*Woodard-Hall v. STP Nuclear Operating Co.*,
   473 F. Supp. 3d 740 (S.D. Tex. 2020) ...................................................................... 3, 4

**Constitutions, Statutes, and Ordinances**

28 U.S.C. §1331 ............................................................................................................ 1, 8, 9

28 U.S.C. §1334 ......................................................................................................... 1, 8, 9, 10

28 U.S.C. §1367 .............................................................................................................. 1, 10

28 U.S.C. §1441 ........................................................................................................... *passim*

28 U.S.C. §1442 ............................................................................................................. 1, 4, 7

28 U.S.C. §1442a ....................................................................................................... 1, 4, 7, 8

28 U.S.C. §1443 ......................................................................................................... 1, 4, 7, 8

28 U.S.C. §1447(c) .............................................................................................................. 1

28 U.S.C. §1455 .................................................................................................. 1, 7

Federal Water Act ................................................................................................. 7

GALVESTON, TEX., CODE OF ORDINANCES ch. 1, §1-7(a) ............................................... 2, 5

GALVESTON, TEX., CODE OF ORDINANCES ch. 29, art. I, §29-1 ........................................ 1

GALVESTON, TEX., CODE OF ORDINANCES ch. 29, art. II, §29-2(a)(1) .............................. 2

GALVESTON, TEX., CODE OF ORDINANCES ch. 29, art. II, §29-2(a)(2) .............................. 2

GALVESTON, TEX., CODE OF ORDINANCES ch. 29, art. II, §29-2(p)(1) ........................... 2, 5

GALVESTON, TEX., CODE OF ORDINANCES ch. 29, art. II, §29-2(p)(2) .............................. 2

TEX. LOC. GOV'T CODE ANN. §54.013 ................................................................... 6

TEX. LOC. GOV'T CODE ANN. §54.019 ................................................................... 6

TEX. NAT. RES. CODE ANN. §61.013(c) .................................................................. 1

U.S. CONST. amend. VII ....................................................................................... 7

The City of Galveston ("City") moves to remand this action to Galveston Municipal Court ("Municipal Court") pursuant to 28 U.S.C. §1447(c) because:

1. **Removal under the civil removal statute was improper.** – This is a criminal prosecution for which 28 U.S.C. §1441(a) provides no basis for removal.

2. **Removal under the criminal removal statutes is inappropriate.** – This criminal prosecution could not have been removed under 28 U.S.C. §§1442, 1442a, or 1443, via §1455.

3. **The Court lacks subject matter jurisdiction.** – Even if Porretto had invoked an appropriate removal statute, the Court lacks subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1334, or 1367, necessitating remand.

## I.
### INTRODUCTION & OVERVIEW

**A. The Applicable City Code Provisions.**

Under Galveston City Code ("City Code") section 29-2,

> [n]o person shall engage in the construction of any structure or make an addition to any structure within the land adjacent to and landward of public beaches and lying in the area either up to the first public road generally parallel to the public beach[1] or to any closer public road not parallel to the beach, or the area up to one thousand (1,000) feet of mean high tide, whichever distance is greater, until he has secured a beachfront construction certificate.

---

[1] The City Code adopts the meaning of "public beach" in TEX. NAT. RES. CODE ANN. §61.013(c): "any beach bordering the Gulf of Mexico that extends inland from the line of mean low tide to the natural line of vegetation bordering on the seaward shore of the Gulf of Mexico, or such larger contiguous area to which the public has acquired a right of use or easement to or over by prescription, dedication, or estoppel, or has retained a right by virtue of continuous right in the public since time immemorial as recognized by law or custom." GALVESTON, TEX., CODE OF ORDINANCES ch. 29, art. I, §29-1 (through June 28, 2022). Because Defendant Sonya Porretto "ha[s] dedicated an easement in favor of the public on" the so-called Porretto Beach Property, Final Judgment at 3, *Porretto v. Tex. Gen. Land Office*, No. 02CV0295 (212th Dist. Ct., Galveston County, Tex. entered Apr. 9, 2015), the beach is a "public beach" under the Texas Natural Resources Code and, consequently, falls within the purview of the beachfront construction certificate requirements in the City Code.

GALVESTON, TEX., CODE OF ORDINANCES ch. 29, art. II, §29-2(a)(1). Further, "[n]o person shall engage in the construction of any structure or make an addition or alteration to any structure or sand dune in the area seaward of the dune protection line until he has secured a dune protection permit for such addition, alteration, or construction." *Id.* §29-2(a)(2).

A violation of these permitting requirements is "unlawful and a misdemeanor offense punishable by a fine" up to $500.00. *Id.* §29-2(p)(1). A person who violates these City Code provisions also may be separately liable to the Texas General Land Office "for a civil penalty" of up to $1,000 per violation per day. *Id.* §29-2(p)(2).

**B.    Porretto's Misdemeanor Citation.**

On June 29, 2022, a City law enforcement officer with the Galveston Police Department issued Municipal Citation No. 090326 to Defendant Sonya Porretto ("Porretto") for operating machinery on the so-called Porretto Beach Property without the necessary beachfront construction certificate and dune protection permit required by Galveston city ordinance (the "Citation").[2] Porretto was cited for "[p]erformance of work in violation of City Code Sec. 1-7 & Sec. 29-2."[3] Porretto signed the Citation, promising to appear in Municipal Court and either pay the imposed fine or give written notice to contest it by July 29, 2022.[4]

---

[2] *See* Exhibit A to *Sonya Porretto's Notice of Removal to the United States District Court for the Southern District of Texas (Galveston Division)* (ECF No. 2).

[3] Citation, at Box 11. City Code section 1-7 further provides that a misdemeanor violation of the City Code carries a maximum $500.00 fine. *See* GALVESTON, TEX., CODE OF ORDINANCES ch. 1, §1-7(a).

[4] *See* Citation.

C.  **Porretto's Attempted Removal of the Municipal Court Proceeding.**

On July 19, 2022, Porretto attempted to remove the Municipal Court proceeding arising out of the Citation, purportedly via 28 U.S.C. §1441.[5]

D.  **Why Remand is Appropriate.**

The Court should remand this action to Municipal Court because: (a) removal of a municipal criminal prosecution via the civil removal statute was improper; (b) no criminal removal statute provides a basis for removal; and (c) the Court lacks subject matter jurisdiction.

## II.
## THE COURT SHOULD REMAND THIS ACTION TO MUNICIPAL COURT

A.  **Standard of Review.**

"Federal courts are courts of limited jurisdiction" and "must presume that a suit lies outside this limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]he party seeking the federal forum" has "the burden of establishing federal jurisdiction." *Id.* "If, as here, the parties are not diverse, there must be a federal question for the federal court to have jurisdiction." *Woodard-Hall v. STP Nuclear Operating Co.*, 473 F. Supp. 3d 740, 744 (S.D. Tex. 2020).

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

---

[5] *See Sonya Porretto's Notice of Removal to the United States District Court for the Southern District of Texas (Galveston Division)* (ECF No. 1) (the "Notice of Removal").

3

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citation omitted).

Generally, a civil defendant may remove a civil action brought in state court to a federal district court that has original jurisdiction over the matter. 28 U.S.C. §1441(a). A criminal defendant also may remove certain criminal prosecutions, as provided in 28 U.S.C. §§1442, 1442a, and 1443. Federal courts construe removal statutes strictly, and "any doubts concerning the propriety of removal are construed against removal." *Woodard-Hall*, 473 F. Supp. 3d at 744.

Here, Porretto improperly removed a municipal criminal prosecution to federal court based upon the civil removal statute, and no criminal removal statute provides a proper basis for removal. And, even if Porretto had properly removed the municipal proceeding – which she did not – she has not met her burden to establish the Court's subject matter jurisdiction over this action. For these reasons, remand is appropriate.

**B.     Porretto's Attempted Removal under the Civil Removal Statute Is Improper.**

Because the City's action against Porretto is a criminal prosecution of the Citation, 28 U.S.C. §1441 – which only applies to "civil action[s] brought in a State court" – does not provide a basis for removal. 28 U.S.C. §1441(a). Although the Notice of Removal asserts that this matter is "a civil action" because "[t]he Citation seeks to assert civil penalties against Ms. Porretto,"[6] Porretto mischaracterizes the legal nature of the Citation and is incorrect.

---

[6] Notice of Removal at 8.

The Citation conspicuously states the criminal nature of the municipal proceeding, reciting violations of the City Code provisions which make the conduct charged a misdemeanor offense, punishable by a fine, for a person to undertake certain construction activities on a beach without a proper permit. *See* GALVESTON, TEX., CODE OF ORDINANCES ch. 1, §1-7(a), ch. 29, art. II, §29-2(p)(1). Given the criminal nature of the violation alleged, the Citation required Porretto to acknowledge that her "failure to timely respond and answer this citation as required by law may result in . . . an additional failure to appear charge, arrest warrant issued, and associated fees assessed per violation."[7] The Citation also advised Porretto that her signature on the Citation "is not a plea of guilty," and that a defendant who is "convicted of an offense and . . . unable to pay the fine and court costs . . . may have the court assess [her] ability to pay and the court may provide alternatives to full payment in satisfying the judgment."[8] Therefore, the statutory language in the City Code stating that the offense charged is a criminal offense, the use of criminal terminology in the Citation (*e.g.*, "convicted," "charge," "arrest warrant," "plea of guilty"), and the fact that the Citation was served by the police department, confirm that the Citation concerns a criminal, not a civil, offense.

Lest there be any doubt about the issue, the Texas Court of Criminal Appeals has confirmed that Texas municipal courts possess criminal jurisdiction to enforce municipal code provisions concurrent with Texas justice courts. *Lange v. State*, 639 S.W.2d 304, 305

---

[7] *See* Citation.

[8] *See id.*

(Tex. Crim. App. 1982) (subject-matter jurisdiction of Texas municipal courts encompasses criminal cases arising under municipal and state laws, in which punishment is by fine only); *Ex parte Minjares*, 582 S.W.2d 105, 107 (Tex. Crim. App. 1978) (internal citations omitted) ("The municipal court of an incorporated city, town, or village is empowered to assess fines as punishment. Its criminal jurisdiction . . . is concurrent with the justice court in cases where punishment is by fine only . . . .").

In the Notice of Removal, Porretto contends that if a penalty does not carry the possibility of imprisonment, it necessarily must be civil in nature.[9] But Porretto is incorrect. First, she ignores the text of the relevant City Code provision at issue, which explicitly states that the offense charged is a misdemeanor criminal offense. Second, she ignores the fact that under Texas law and under the City Code, the Municipal Court has criminal jurisdiction over matters in which the punishment is by fine only. Finally, the statute Porretto references for a contrary proposition is irrelevant. TEX. LOC. GOV'T CODE ANN. §54.019 applies to municipalities which bring civil actions to enforce certain health and safety ordinances in a district court or county court at law. *See* TEX. LOC. GOV'T CODE ANN. §54.013. The Citation does not charge a violation of any such health or safety ordinance. It charges a criminal violation of the City Code for operating machinery without the required beachfront construction certificate and dune protection permit.[10] TEX. LOC. GOV'T CODE ANN. §54.019 therefore says nothing about the criminal nature of the Citation.

---

[9] *See* Notice of Removal at 9 ("Under Texas Local Government Code 54-019, the penalty in the civil code is deemed civil in nature and the party is not subject to imprisonment.").

[10] *See* Citation, at Box 11.

Porretto also improperly attempts to rely upon *Tull v. United States*, 481 U.S. 412 (1987), which concerns a defendant's Seventh Amendment right to a jury trial in a proceeding to impose a civil penalty for violating the federal Water Act. Porretto incorrectly claims that *Tull* stands for the proposition that "civil penalties for an alleged municipal code violation are civil in nature not criminal."[11] But *Tull* did not involve a municipal code violation, and the civil penalty at issue there was not a misdemeanor. *Tull*, therefore, is inapplicable.

In sum, because the City's prosecution of the Citation concerns a criminal proceeding, not a civil matter, 28 U.S.C. §1441 does not authorize removal.

### C. No Criminal Removal Statue Applies.

The Notice of Removal did not invoke any of the three criminal removal statutes, 28 U.S.C. §§1442, 1442a, or 1443, via the procedure set forth in §1455. *See* 28 U.S.C. §1455(b)(2) (stating that a notice of removal must set forth all grounds for removal and failure to include them constitutes a waiver of such grounds); *Town of Raleigh v. Caissie*, No. 3:15CV382-HTW-LRA, 2016 U.S. Dist. LEXIS 29313, at *3 (S.D. Miss. Feb. 17, 2016) ("The removal statutes apply only under very specific circumstances to criminal prosecutions.").

However, even if Porretto had attempted to cite and rely upon one of the criminal removal statutes, none would apply:

- 28 U.S.C. §1442 allows a **federal officer or agency** to remove a prosecution under specific circumstances. Because Porretto is not, and does not purport to be, a federal

---

[11] Notice of Removal at 9.

officer or agency, that provision is inapplicable.

- 28 U.S.C. §1442a allows a **member of the armed forces** to remove a prosecution when performing acts under color of her office. Because Porretto is not, and does not purport to be, a member of the armed forces, that provision is inapplicable.

- 28 U.S.C. §1443 allows certain prosecutions regarding civil rights to be removed. The Supreme Court has interpreted this removal statute to apply only to prosecutions involving civil rights in which **racial equality** is at issue. *See Georgia v. Rachel*, 384 U.S. 780, 792 (1966) (stating that a valid claim for removal under §1443 must involve "specific civil rights stated in terms of racial equality").[12] Because Porretto has not alleged that the Citation involves any civil right related to racial equality – nor does it plausibly involve any such right – §1443 also is inapplicable.

Simply put, no legal basis exists for Porretto to remove the Municipal Court proceeding, and it should be remanded.

D.  **The Court Lacks Subject Matter Jurisdiction over the Municipal Action.**

In any event, remand also is required because Porretto has failed to meet her threshold burden to show that the Court has subject matter jurisdiction over the City's claim that she purported to remove.

Although Porretto contends that the Court "has original subject matter jurisdiction under 28 U.S.C. § 1331 and 1334,"[13] neither statute provides a jurisdictional basis for this proceeding. Nor does any other basis exist for the Court to exercise the necessary original jurisdiction required before it can exercise supplemental jurisdiction over the City's claim

---

[12] *See also Town of Raleigh*, 2016 U.S. Dist. LEXIS 29313, at *4-5 (refusing to consider various pleadings in which defendant made "civil rights allegations in connection with his arrest for the traffic violations" because "removal of the criminal prosecution was improper," and the court had no jurisdiction to consider the civil rights claims).

[13] Notice of Removal at 8.

against Porretto. Because no such federal jurisdiction exists, the Court should remand this action.

1. The Court does not have jurisdiction under 28 U.S.C. §1331.

Porretto claims that the Court has federal-question jurisdiction under §1331 because "the Citation raises constitutional defenses and potential counterclaims arising under Federal law on its face, including but not limited to due process."[14] However, "a case may *not* be removed to federal court on the basis of a federal defense." *Caterpillar*, 482 U.S. at 393.

> [A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

*Id.* at 399. Porretto has not cited anything evident on the face of the Citation – which she contends is the City's relevant "pleading" – that implicates a question of federal law. The Citation is simply a state-law action involving alleged criminal violations of the City Code. Porretto cannot transform a routine municipal misdemeanor proceeding into a federal action by attempting to raise a federal defense upon removal. Section 1331, therefore, is inapplicable because the Citation does not state any action arising under federal law.

2. The Court does not have jurisdiction under 28 U.S.C. §1334.

Porretto also resurrects her claim that the Court has bankruptcy jurisdiction under §1334 because the Citation purportedly "involves property that was subject to the Court's

---

[14] *Id.* at 7.

jurisdiction in Bankruptcy and is the subject of pending litigation arising from the Bankruptcy."[15] Even if the Citation involved any conduct occurring during Porretto's now-closed bankruptcy proceeding[16] – which it does not – the Court nevertheless does not have subject matter jurisdiction over claims that Porretto contends are "related to" the now-closed bankruptcy proceeding.[17] Porretto cannot create federal jurisdiction by raising §1334 yet again as a counterclaim or defense in yet <u>another</u> proceeding – this time a criminal prosecution in which she is a defendant.

        3.       <u>The Court does not have jurisdiction under 28 U.S.C. §1367.</u>

Finally, Porretto claims that the Court may exercise supplemental jurisdiction under 28 U.S.C. §1367 "given the transaction and occurrences related to the Citation are directly related to the Porretto Federal Litigation."[18] However, to exercise §1367 jurisdiction, this Court must first have original jurisdiction over <u>the removed claim</u>. As indicated above, no such jurisdiction exists. Even assuming *arguendo* that the Citation were somehow related to Porretto's separate pending civil suit against the City – which it is not – for the reasons briefed in that proceeding, the Court does not have original jurisdiction there either.[19] With

---

[15] *Id.*

[16] *See* Order Closing Case, *In re Porretto*, No. 09-35324 (Bankr. S.D. Tex. entered June 22, 2022), ECF No. 823.

[17] *See* The Galveston Park Board of Trustees' and the City of Galveston's Renewed Motion to Dismiss, Part II.B, *Porretto v. Galveston Park Bd. of Trustees*, No. 3:21-cv-00359 (S.D. Tex. filed Apr. 22, 2022), ECF No. 69, fully incorporated herein by reference.

[18] Notice of Removal at 7.

[19] *See* The Galveston Park Board of Trustees' and the City of Galveston's Renewed Motion to Dismiss, Part II, *Porretto v. Galveston Park Bd. of Trustees*, No. 3:21-cv-00359 (S.D. Tex. filed Apr. 22, 2022), ECF No. 69, fully incorporated herein by reference.

no original jurisdiction here or in the supposedly-related lawsuit, no basis exists for the Court to exercise supplemental jurisdiction.

In conclusion, Porretto has not satisfied her burden to establish that the Court has subject matter jurisdiction in this proceeding under any theory. For that reason, the Court should remand this improvidently removed proceeding.

## III.
### CONCLUSION

The City respectfully requests that the Court grant its Motion to Remand, remand this action to the Municipal Court, and grant it such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

By: */s/ Barry Abrams*
Barry Abrams
Attorney-in-Charge
State Bar No. 00822700
S.D. Tex. Bar No. 2138
Neil F. Young
State Bar No. 24121218
S.D. Tex. Bar No. 3635269
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
barry.abrams@blankrome.com
neil.young@blankrome.com

**ATTORNEYS FOR PLAINTIFF
THE CITY OF GALVESTON**

## CERTIFICATE OF CONFERENCE

I certify that on August 17, 2022, the City's counsel conferred with Porretto's counsel by email on the subjects contained in this Motion, and Porretto's counsel indicated her opposition to remand.

                                        */s/ Barry Abrams*
                                        Barry Abrams

## CERTIFICATE OF SERVICE

I certify that on August 17, 2022, a true and correct copy of the foregoing and/or attached instrument was served via the Court's Electronic Filing System on all parties requesting notice in this Proceeding.

                                          */s/ Barry Abrams*
                                        Barry Abrams