IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| City of Galveston, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 22-00256 |
| | § | On removal from the Municipal |
| Sonya Porretto, | § § | Court of City of Galveston, Texas: Citation No. 090326 |
| Defendant. | § § § | |

# OBJECTION TO MOTION TO REMAND

Sonya Porretto, Defendant ("Ms. Porretto") objects to the Motion to Remand purportedly filed on behalf of the City of Galveston ("City") and this Objection incorporates by reference the allegations and argument contained in the *Notice of Removal* (ECF 1), the *Answer, Affirmative Defenses and Counterclaims* (ECF 4), the *Motion to Strike* the filings made on behalf of the City (ECF 12), and the *Amended Answer, Affirmative Defenses and Counterclaims* (ECF 11). Without waiving any arguments that the Motion to Remand should be stricken and that the counsel acting for the City lacks authority and with a full reservation of rights, Ms. Porretto, in the alternative, files this Objection to the Motion to Remand. For the following reasons, Ms. Porretto requests that the Court deny the Motion to Remand.

## NATURE OF THE MATTER BEFORE THE COURT

This is a code enforcement action initiated by a City Citation issued to Ms. Porretto for prosecution in the City's own municipal court alleging Ms. Porretto did "work" which violated Sec. 1-7 and Sec. 29-2 of the City Code. Sec. 29-2 is an overbroad ordinance that includes the dune protection and beach access section of the City Code.

The Citation on its face when read with the Galveston City Code shows a Federal question exists -- not the least of which is the violation of Ms. Porretto's due process and equal protection rights under the United States Constitution, including but not limited to the Fourth, Fifth, Eighth and Fourteenth Amendments. In addition, the Citation gives rise to Counterclaims that the ordinance Sec. 29-2 is unconstitutional and invalid to apply to Ms. Porretto, as well as a violation of Ms. Porretto's civil rights. (ECF 4 and 11).

Over a year before any Citation was issued, Ms. Porretto asserted claims arising in her Bankruptcy and under Federal law against the City in the first filed case pending before this Court styled as *Sonya Porretto v. The City of Galveston Park Board of Trustees, et al,* Case No. 3:21-cv-00359 ("Adversary Proceeding"). Ms. Porretto's claims in the Third Amended Complaint are directly related to Sec. 29-2 which provides that its purpose is to protect against erosion whereas Ms. Porretto contends in her Third Amended Complaint in the Adversary Proceeding that the City, Galveston Park Board of Trustees and the General Land Office have used false data for such ordinances. Ms. Porretto contends that the City and other defendants have approved, supported and funded actions to improperly use her beach property during renourishments creating significant damage, flooded her property, scraping the shoreline and beachfront to create manufactured erosion, etc.

Ordinance Sec. 29-2 should be deemed void on its face for several reasons: it is overbroad, vague, and is based on false information put in the public record by the City despite the fact that putting false information in the public records is a criminal violation. Remand in this case would be tantamount to finding that the City and other government entities are untouchable when they engage in efforts to usurp a person's valuable property by regulatory edicts based on false information in the public record which is a criminal violation and when there is no relationship or tie to any objective goal for the public interest.

It is well established as to Ms. Porretto's beachfront property, the City and other government entities:

1) manufactured shoreline data to use against her property rights by alleging her property was eroding or accreting less than it actually was accreting;
2) deliberately used the color of law and power of the government to chill any effort to sell or develop the property by continuing to defame her property with misrepresentations in public records knowing such representations were false and knowing that it is illegal to put false representations in the public record under State law; and,
3) the City also knows that some of the misrepresentations in Sec. 29-2 are contradicted by the 2015 Judgment in Ms. Porretto's favor which was never appealed.

It is also well established that Ms. Porretto has decades of beach maintenance experience, and has been someone sought out for advice on beach management as were her father and grandfather before her. Any work she did or had done on her property in the past two years is consistent with the way that property has been maintained, preserved and protected for the past 70 years without a Citation. See, ECF 11.

If the Citation and counterclaims are remanded it will embolden the City to be even more egregious in violating Ms. Porretto's constitutional rights. The proper venue is Federal Court. The Citation is deficient and an abuse of process on its face. A remand would endorse the City issuing a bogus Citation as an end-run around this Court's jurisdiction in the Adversary Proceeding which has full jurisdiction to deal with Constitutional issues presented.

Remand should be denied. Skullduggery aided and abetted by the City's own City Attorney/Municipal Chief Prosecutor who, on information and belief, ordered the Galveston Police Department to issue the Citation to Ms. Porretto in an act of political oppression under the color of law all while knowing Sec. 29-2 is replete with erroneous information which itself is a criminal violation, inconsistencies, typos, and needs a "deep dive" review for further amendments is incorrigible.

**DISPUTED FACTS IN MOTION TO REMAND**

1. City Alleges the following:

> **I.**
> **INTRODUCTION & OVERVIEW**
>
> **A. The Applicable City Code Provisions.**
>
> Under Galveston City Code ("City Code") section 29-2,
>
> > [n]o person shall engage in the construction of any structure or make an addition to any structure within the land adjacent to and landward of public beaches and lying in the area either up to the first public road generally parallel to the public beach¹ or to any closer public road not parallel to the beach, or the area up to one thousand (1,000) feet of mean high tide, whichever distance is greater, until he has secured a beachfront construction certificate.
>
> GALVESTON, TEX., CODE OF ORDINANCES ch. 29, art. II, §29-2(a)(1). Further, "[n]o person shall engage in the construction of any structure or make an addition or alteration to any structure or sand dune in the area seaward of the dune protection line until he has secured a dune protection permit for such addition, alteration, or construction." *Id.* §29-2(a)(2).

(ECF 10, p. 5-6). Ms. Porretto denies this allegation. The applicable code provisions are Sec. 1-7 and 29-2, not a selective excerpt of Sec. 29-2. Sec. 29-2 in its entirety is what is identified on the Citation which would include all the appendixes.

There is no way for Ms. Porretto to know from the face of the Citation that the City took the position that there was "construction of a structure or addition or alteration to a structure." The Motion to Remand does not identify what construction was a violation of Sec. 29-2. When Ms. Porretto's counsel requested information which should the City is obligated to produce if the Citation is criminal, the City never responded. *See*, ECF 12.

As noted in other pleadings, the City puts its ordinances on www.municode.com, but Ms. Porretto and her counsel both have downloaded

versions of Sec. 29-2 which were then changed after the "modified" date listed on www.municode.com.  Solely for the purposes of responding to the Motion to Remand and assuming arguendo with a full reservation of rights to dispute whether Sec. 29-2 was adopted in accord with the City Code and State law with proper notice and publication, Ms. Porretto will refer herein to the www.municode.com version of Sec. 29-2 and Ord. 19-012 purportedly updated on March 5, 2021 [https://www.galvestontx.gov/DocumentCenter/View/9948/City-of-Galveston-Dune-Protection-and-Beach-Access-Plan-Certified]

Below is an excerpt from the beginning of Sec. 29-2:

> 8/19/22, 1:09 PM                                                                 Galveston, TX Code of Ordinances
>
> **Sec. 29-2. - Development, preservation and protection of sand dunes.**
>
> *In general, statement of purpose and intention.* Being located on an island in the Gulf of Mexico, the city is commonly subjected to such natural hazards as storm, flood and shoreline erosion. These hazards disrupt commerce and governmental services, impact the tax base and threaten public health, safety, and general welfare. It is to combat these hazards that development, preservation and protection of sand dunes is encouraged. However, many land uses reduce sand dunes' effectiveness in protecting against these hazards and are for this reason alone considered to be contrary to the public interest.
>
> The Open Beaches Act and the Dune Protection Act require the Texas General Land Office to promulgate rules for the protection of critical dune areas and public beach use and access. The general land office is required to protect the public beach from erosion or reduction and adverse affects on public access and critical dune areas by regulating beachfront construction and other activities occurring along the shoreline of the Gulf of Mexico. The purpose of these standards is to augment general land office rules and to protect the public health, safety and welfare by minimizing losses due to flood, storm, waves and shoreline erosion. These standards are in compliance with those minimum standards established by the general land office and formulated to be consistent with all federal mandates. This section provides standards for managing the public beach and human activities occurring on the property fronting the Gulf of Mexico, consistent with the Texas Natural Resources Code, Sec. 61.001 (Open Beaches Act), et seq., a copy of which is attached, and the Texas Natural Resources Code, Sec. 63.001, et seq., (Dune Protection Act), a copy of which is also attached, and the National Flood Insurance Act.
>
> In the event of a conflict between the Open Beaches Act; Dune Protection Act; Texas Administrative Code Title 31, Natural Resources and Conservation, Part I, Chapter 15, Subch. A, §§ 15.1—15.10 (hereinafter 31 TAC §§ 15.1—15.10); and the land development regulations, this Code, state law and regulations shall prevail over this chapter.

Sec. 29-2.

The City made allegations in the Motion to Remand which are inconsistent with Sec. 29-2. The highlights above are to point out some, but not all, of those inconsistencies

First, the ordinance on its face states the purpose is to deal with natural hazards from storm, flood and shoreline erosion. However, there is nothing in the ordinance to address the unnatural hazards inflicted by the Park Board or others on Ms. Porretto's property, such as strategic flooding and manufactured erosion under color of law with a permit from the City.

Second, it is noted that one of the reasons for the ordinance is to protect commerce. However, the Citation to Ms. Porretto could only be intended to disrupt her commerce contrary to the 2015 Judgment issued in her favor which explicitly provides that she is vested with the authority to manage all commercial operations on the property. The City knows Ms. Porretto's commercial operations are derived from user fees from parking and concessions.

Third, the ordinance provides that its purpose is to address the "health, safety and general welfare" of the public. Sec. 29-2 notes this priority **twice** in the opening paragraphs of the ordinance. As such, there is no basis for the City to allege TEX. LOC GOV'T CODE ANN. §54.017 and 54.019 do not apply to Sec. 29-2 or that Sec. 29-2 is not a heath and safety ordinance. The penalties are civil in nature and there is no penalty in the ordinance that provides for a sentence or imprisonment. S*ee, City of Neodesha v. BP Corp. N. Am. Inc.,* 176 F. Supp. 3d 1233 (D. Kan. 2016) (BP removed citations to Federal Court asserting diversity. The case may be the most on point to this case as BP had ongoing issues with the City. The Court overruled the City's motions to remand).

7

Fourth, the ordinance provides that State law will control over City Code which will be important when discussing the purported penalties under Sec. 29-2.

2. The City alleges the following:

> A violation of these permitting requirements is "unlawful and a misdemeanor offense punishable by a fine" up to $500.00. *Id.* §29-2(p)(1). A person who violates these City Code provisions also may be separately liable to the Texas General Land Office "for a civil penalty" of up to $1,000 per violation per day. *Id.* §29-2(p)(2).

ECF 10, p. 6.

Ms. Porretto denies this allegation. Sec. 29-2(p) states as follows:



The City's Citation and Motion to Remand make no showing that the General Land Office received notice of the Citation in 24 hours. If the City failed to provide the notice, then it failed to comply with the penalties section. The Motion to Remand adds words not in the text of the ordinance and legal conclusions to assert 29-2(p) provides that all of the penalties of Sec. 29-2(p) apply versus the plain meaning which provides that one or more

may apply. The Citation would have to identify the specific subsection being relied upon in the Citation to put a citizen on notice of which penalty it was seeking. The Citation does not reference any section of 29-2(p).

Also, the penalties section of the ordinance begins with the reference that 31 TAC 15.9 provides the penalties. As such, 29-2(p)(1) is inconsistent with 31 TAC 15.9 because 31 TAC 15.9 only provides for civil and administrative penalties. This is consistent with Local Government Code Chapter 54. Further, 29-2(p)(2) states the penalty may be a civil penalty.

Finally, Sec. 29-2 in the introduction provides State law governs over the City Code. As such, since 31 TAC 15-9[1] is specifically incorporated in 29-2(p) and is a state regulation, the fact that it only provides for civil or administrative penalties should support that the Citation is civil in nature.

3. The City alleges the following:

> **B. Porretto's Misdemeanor Citation.**
>
> On June 29, 2022, a City law enforcement officer with the Galveston Police Department issued Municipal Citation No. 090326 to Defendant Sonya Porretto ("Porretto") for operating machinery on the so-called Porretto Beach Property without the necessary beachfront construction certificate and dune protection permit required by Galveston city ordinance (the "Citation").[2] Porretto was cited for "[p]erformance of work in violation of City Code Sec. 1-7 & Sec. 29-2."[3] Porretto signed the Citation, promising to appear in Municipal Court and either pay the imposed fine or give written notice to contest it by July 29, 2022.[4]

ECF 10, p. 6.

---

[1] Also, notably, Sec. 29-2(p)(2) could be fined up to $1000. However, the City's Dune Protection and Beach Access Plan which is referenced in Sec. 29-2 provides for fines up to $2000 so does 31 TAC 15.9.

Ms. Porretto denies this allegation. First, nothing on the face of the Citation indicates it is a misdemeanor citation. A citizen should not have to parse words and guess whether the Citation is intended to be a complaint or criminal for a code violation. If the City wanted to issue a Citation for misdemeanor, it could have specifically cited to 29-2(p)(1) but it did not do that. It cited to 29-2 generally and wanted Ms. Porretto to guess why she was getting the Citation. On information and belief, the police officer's video camera will show that he did not know the basis for the Citation. It is the most basic level of due process to let someone know the basis for the Citation.

On information and belief, the police officer who served the Citation did not indicate it was subject to a criminal misdemeanor charge. The Citation was apparently was not designed for an alleged violation of Sec. 29-2 given all the cross outs.

In addition, the City misrepresents that Ms. Porretto promised to appear in municipal court by cooperating with the police officer and signing the Citation. Below is an excerpt from the Citation:

> **THIS IS NOT A PLEA OF GUILTY**
>
> I, the undersigned, hereby give my written promise(s) to appear for each violation listed on the citation. I promise to either pay the fine(s) and cost(s) in full or give written notice to contest on or before the GIVEN DUE DATE OF _07/29_, 20_22_. I understand that failure to timely respond and answer this citation as required by law may result in any one or several of the following: 1) an additional failure to appear charge, arrest warrant issued, and associated fees assessed per violation; 2) denial of the renewal of my driver's license by the Texas Department of Public Safety and additional fee assessed per violation; 3) referral of any unpaid balance to a collection agency. I acknowledge receipt of this notification and I am the person named and identified in this citation.
>
> Defendant Signature: X _____
>
> Officer: _____ Badge # _465_
>
> If you are convicted of an offense and are unable to pay the fine and court costs,

Ms. Porretto agreed to appear; she did not agree to appear in municipal court. The area she

10

signed does not refer to the municipal court. Ms. Porretto fulfilled her "promise." Ms. Porretto made an appearance in this court with the filing of the notice of removal which was a written document contesting the Citation in detail. Further, she appeared by filing an Answer, Affirmative Defenses and Counterclaims and other documents.

     Contrary to the Motion to Remand, the Citation language states that the penalties could be one or several. Nothing on the Citation provides for an agreement that all apply. There is nothing in the section of the Citation that Ms. Porretto signed referencing a misdemeanor or municipal court. Ms. Porretto has not been provided the video from the officer cam when she was served the Citation or any other records she requested related to the Citation. The City prosecutors should not be able to lie behind the long refusing to produce records and then filing a Motion to Remand introducing facts not present on the face of the Citation.

## THE CITATION ISSUED TO MS. PORRETTO
## WAS NOT THE STANDARD FORM CITATION AND IS DEFICIENT

Ms. Porretto was issued the Citation pasted below:



Now, compare the Citation issued to Ms. Porretto with one issued to Craig Brown which is passed below. The Citation was issued long before he was Mayor. Note the differences. Mayor Brown publicly acknowledged in a video that the Citation was valid. In the version posted below, his date of birth and driver's license information has been redacted[2]:

---

[2] The Citation is a matter of public knowledge and was posted on social media.



Everything about the Citation Ms. Porretto was issued was out of the ordinary and did not comply with normal procedure showing she was targeted.

## LAW AND ARGUMENT

Ms. Porretto could not find a case on point with the facts of this case, include the following: 1) Ms. Porretto has a pending federal complaint asserting allegations against the City and other government defendants for takings, manipulating erosion data, harassment, retaliation, and flooding the owner's property, etc; 2) the pending federal complaint arose, in part, from damages to Ms. Porretto's beachfront property by the Park Board with approval from the City, including damage and use of Ms. Porretto's property which was deliberately concealed from the Bankruptcy Court at the time it occurred while the property was subject to Bankruptcy Court administration and the automatic stay; 3) a 2015 Judgment which was not appealed unequivocally asserted that sections of Ms. Porretto's beachfront

13

property was accreting for the prior 24 years and included a survey of her property which differed from surveys the government used and uses related to Sec. 29-2; 4) despite this 2015 Judgment, the City and others continued to use false information contrary to the 2015 Judgment describing Porretto's property which chills the development and/or sale of the property and means the City is putting knowing false statements in the public record which is a criminal violation; 5) the City amended ordinances such as 29-2 with the knowingly false information several times after the 2015 Judgment; 6) the City made some amendments to exclude some but not all of Ms. Porretto's property from Sec. 29-2 as shown by the appendixes (See, ECF 11); 7) while the related federal litigation is pending, the City issues a "Citation" on a form different from Citations given to others where the Citation provides no probable cause, no affiant supporting the Citation, and no language that the Citation is a Complaint with nothing regarding the alleged charges other than a broad reference to Sec. 29-2.

It appears this may be the first time a private land owner was issued a Citation by the City under Sec. 29-2. If accurate, then it is highly probative that the first time the City issues a Citation under 29-2 it lists the prosecutor as the witness and attempts to use a form "Citation" which is not directly applicable to the issues. Further, the Citation is also deficient given it does not provide what "work" was a violation; where the work occurred in order to determine how the distance requirements of Sec. 29-2 apply; and, was apparently issued to intefer with Ms. Porretto's rights to control all commercial operations on the property from 6th to 10th Street under the 2105 Judgment.

**Removal is Proper – the Citation is Civil in Nature**

Under Texas law, courts construe municipal ordinances in the same manner that they construe statutes." *RBIII, LP v. City of San Antonio*, SA-09-CV-119-XR, 2010 U.S. Dist. LEXIS 91751, 2010 WL 3516180, at *4 (W.D. Tex. Sept. 3, 2010) (*citing Bd. of Adjustment of City of San Antonio v. Wende,* 92 S.W.3d 424, 430 (Tex. 2002). "Texas courts 'apply a "strict rule of construction" to statutory enforcement schemes and imply causes of action only when the drafters' intent is clearly expressed from the language as written.'" Id. Federal law determines whether a state court action is removable under the federal removal statute. 14 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3721, at 36-37 (4th ed. 2009 & Supp. 2010); see *Mach v. Triple D. Supply, LLC*., 773 F. Supp. 2d 1018,

A similar case where the District Court overruled a City's motions to remand is the case which appears most analogous to this case and is styled, *City of Neodesha v. BP Corp. N. Am. Inc.,* 176 F. Supp. 3d 1233 (D. Kan. 2016). In the *City of Neodesha* case, the City had longstanding disputes with BP, similar to the City and Ms. Porretto. The City took aggressive action to amend the Code and issue citations to BP. In that case, BP argued the Court had diversity jurisdiction. Similarly, in this case the Court has federal question jurisdiction.

Porretto satisfied the requirements of providing a short and plain statement in favor of removal. ECF 1. The Notice of Removal provided the basis for finding it was civil in nature.

Further, by pointing out the factual inconsistencies in the Motion to Remand with the ordinance and Citation, Ms. Porretto has met her burden of showing that the Citation, on its face, when read with the Code, gives rise on its face to Federal constitutional claims of lack of due process and equal protection, abuse of process, as well as constitutional challenges to the ordinance itself which includes overbreadth, vague, and illegality by including false statements in the public record. See, ECF 4 and 11.

The Motion to Remand asserts allegations for the first time that the basis for the Citation was that heavy equipment was on Ms. Porretto's property and that alone constitutes "construction" of a "structure" and requires a beachfront construction certificate in violation of Sec. 29-2 and asserts such conduct is a misdemeanor. Nothing in the Citation provides notice that this is the alleged violation. Sec. 29-2 is multiple pages. Now, the City asserts for the first time asserts the Citation was issued for one small excerpt it culled out of Sec. 29-2.

Even in filing the Motion to Remand, the City is still concealing where the alleged "construction" allegedly occurred and refers to "so called" Porretto Beach. Ms. Porretto owns numerous beachfront tracts and the rights attendant to those tracts are different. The City knows this because it relies upon the judgment in *Porretto v. Tex. Gen. Land Office*, No. 02CV0295 (212th Dist. Ct., Galveston County, Tex. Apr. 9, 2015) ("2015 Judgment") to assert that alleged work was done within 1000 feet of public beach.

Even assuming arguendo that Sec. 29-2 applies to Ms. Porretto's property, the Motion to Remand and the Citation both conceal the location where the alleged violation occurred which is necessary to determine if it was within 1000 feet of public beach. In

addition, the purported public easement that the City is relying upon to support that Sec. 29-2 applies was further limited by a reservation of rights retained by Ms. Porretto related to 6th to 10th Street.

The City cites to *Woodard-Hall v. S.T.P. Nuclear Operating Co.*, 473 F. Supp. 3d 740 (S.D. Tex. 2020) which is not on point with the facts of this case. *Woodard-Hall v. STP Nuclear Operating Co.,* was not a case where there was a facially deficient Citation where the prosecutor and the witness are one and the same giving rise to United States Constitutional issues of due process and equal protection, at a minimum, on the face of the Citation. It is not a case where the Citation is unduly overbroad without any notice to the Defendant as to what section of the Code was violated by doing what and where the violation occurred.  As noted, *City of Neodesha v. BP Corp. N. Am. Inc.,* 176 F. Supp. 3d 1233 (D. Kan. 2016) is the case that seems most germane to the facts of the present case and is a case where the City's motions to remand were overruled.  (diversity case but similar issues with ongoing disputes and City issuing improper Citations which were removed and Court denied remand).

**Sec. 29-2 is Overbroad and/or Vague**

The Motion to Remand illustrates the overbroad nature of Sec. 29-2. In the Motion to Remand, the City in essence is arguing that heavy equipment on Ms. Porretto's property subjects her to a criminal Citation.  Alleging that the presence of heavy equipment on someone's property is a violation of the ordinance shows the sheer overbreadth nature of the ordinance, especially given parts of the ordinance exclude some of Ms. Porretto's property from the ordinance but not all. See, ECF 11.  Sec. 29-2 offends the constitutional

principle that a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms" *Zwickler v. Koota*, 389 U.S. 241, 249-250 (1967).

Conversely, when a neighboring property owner had a contractor on her property with heavy equipment which was being used to dig up and take sand without Ms. Porretto's permission, no citation was issued to the neighboring property owner for theft, trespassing or work without a permit under Sec. 29-2. Ms. Porretto also did not receive a Citation for the unauthorized use of heavy equipment on her property. The lack of a Citation to the other property owner shows the arbitrary and capricious enforcement. The arbitrary enforcement supports the claim that the ordinance is unconstitutional for vagueness.

The Motion to Remand should be denied. Sec. 29-2 should be found unconstitutional and void given it is overbroad.

**Sec. 29-2 Does Not Apply to Porretto's Properties Because the Title Goes to the Menard Act**

Ms. Porretto has already argued that applying regulations in prior litigation on her ordinary use of her property that are not applicable to all private property owners is unconstitutional and without any basis in law given her title to her properties track back to the Menard Act.   In prior litigation, the claims were deemed not ripe on remand from the Texas Supreme Court. Now that the City has alleged it is issuing criminal Citations under

Sec. 29-2, the claim that Sec. 29-2 is unconstitutional and inapplicable to Ms. Porretto is ripe.

The Texas Supreme Court in *Texas Propane Gas Association v. The City of Houston*, 622 S.W.3d 791 (Tex. 2021) provides that "civil courts have jurisdiction to enjoy or declare void an unconstitutional penal ordinance when 'there is the threat of irreparable injury to vested property rights.'" *Id.* (quoting *Morales*, 869 S.W.2d at 945).

## CONCLUSION

Ms. Porretto requests that the Motion to Remand be denied if not stricken and requests all other relief the Court deems fair and equitable. In addition, Ms. Porretto would request that the Court provide a scheduling order to allow for discovery if the Court is inclined to grant the Motion to Remand given the factual allegations in the Motion to Remand are not in the Citation and have not been provided to Ms. Porretto.

/s/Deirdre Carey Brown
_____

Deirdre Carey Brown, pllc
Texas Bar No. 24049116
FORSHEY & PROSTOK, LLP
1990 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Ph 832-536-6910
Fax 832-310-1172
dbrown@forsheyprostok.com
Counsel for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this OBJECTION TO MOTION TO REMAND was served to the registered ECF users for the case. A courtesy copy was emailed to the parties below:

**Via E-Mail**
Autumn Dawn Highsmith    autumn.highsmith@oag.texas.gov

Barry Abrams    babrams@BlankRome.com

Catherine Bennett Hobson    katie.hobson@oag.texas.gov

Deirdre Carey Brown    dbrown@forsheyprostok.com

Jason Bradley Binford    jason.binford@oag.texas.gov

Jessica Amber Ahmed    amber.ahmed@oag.texas.gov,

Shelly Magan Doggett    shelly.doggett@oag.texas.gov,

/ s/ Deirdre Carey Brown
Deirdre Carey Brown