**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| CITY OF GALVESTON,<br>*Plaintiff,* | § | |
| vs. | § | CIVIL ACTION NO. 3:22-cv-00256 |
| SONYA PORRETTO,<br>*Defendant.* | § | |

**THE CITY OF GALVESTON'S REPLY**
**IN SUPPORT OF ITS MOTION TO REMAND (ECF 10)**

Barry Abrams
Attorney-in-Charge
State Bar No. 00822700
S.D. Tex. Bar No. 2138
Neil F. Young
State Bar No. 24121218
S.D. Tex. Bar No. 3635269
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
barry.abrams@blankrome.com
neil.young@blankrome.com

**ATTORNEYS FOR PLAINTIFF**
**THE CITY OF GALVESTON**

The City of Galveston ("City") replies to Sonya Porretto's ("Porretto's") Objection to Motion to Remand (ECF 13) ("Obj.") and supports its Motion to Remand this action to Galveston Municipal Court ("Municipal Court") (ECF 10) pursuant to 28 U.S.C. §1447(c):

## I.
## THE RELEVANT REMAND PRINCIPLES

In *Woodard-Hall v. STP Nuclear Operating Co*., 473 F. Supp. 3d 740, 744 (S.D. Tex. 2020), this Court summarized the principles which govern review of Porretto's attempt to remove what she admits is "a code enforcement action initiated by a City Citation . . . for prosecution in . . . municipal court alleging Ms. Porretto . . . violated Sec. 1-7 and Sec. 29-2 of the City Code," Obj. 2:

- "Federal courts are courts of limited jurisdiction and must presume that a suit lies outside this limited jurisdiction."
- "The removing party has the burden to present facts showing that federal subject-matter jurisdiction exists, and any doubts concerning the propriety of removal are construed against removal."
- "Whether a case may be removed is a question of federal law to be decided by federal courts with the removal statute strictly construed."
- "A defendant may remove an action to federal court only if that court has original subject-matter jurisdiction over the action."
- "If, as here, the parties are not diverse, there must be a federal question for the federal court to have jurisdiction."
- "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded-complaint rule,' which provides that federal jurisdiction exists only when a federal question appears on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. Thus, a plaintiff with a choice between federal and state-law claims may opt to proceed in state court by asserting only state-law claims, thereby defeating the defendant's ability to remove."

*See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

## II.
## REMOVAL WAS IMPROPER, AND REMAND IS REQUIRED

Porretto has improperly attempted to remove what on its face is a plain-vanilla municipal court code enforcement action. Obj. 2. Whether or not the Citation concerns a criminal or civil action under Texas state law – a subject to which Porretto devotes much attention and on which the parties disagree – is not dispositive of the motion to remand.[1] The dispositive issue, and what is fatal to Porretto's invalid removal petition, is the fact

---

[1] If, as the City has explained in its Motion to Remand, the Citation concerns a criminal prosecution, then 28 U.S.C. §1441(a) provides no basis for removal, and removal is inappropriate under 28 U.S.C. §§1442, 1442a, or 1443, *via* the procedure in §1455. Motion to Remand at 1, 4–8. However, even if the Citation were interpreted to concern a "civil action," it still is not removable under 28 U.S.C. §§1331, 1334, or 1367, because the Citation does not state any action arising under federal law, Porretto cannot create federal jurisdiction by again attempting to resuscitate a counterclaim or defense related to her now-closed bankruptcy proceeding, and the Court cannot assert supplemental jurisdiction where it lacks original jurisdiction over the removed claim in the first instance. Motion to Remand at 8–11.

Unlike Porretto's removed action, the existence of subject matter jurisdiction in *City of Neodesha v. BP Corp. N. Am. Inc.*, 176 F. Supp. 3d 1233, 1239 n.11 (D. Kan. 2016), was based upon diversity jurisdiction, where neither the diversity of the parties nor the jurisdictional amount was disputed. The Kansas municipal ordinance at issue in *BP* expressly stated that the penalties provided were "civil penalties" under Kansas law. In contrast, the City ordinance at issue here expressly and unambiguously states that any violations of the City Code that are "declared to be unlawful or an offense or a misdemeanor . . . shall be punishable by a fine" and that a violation of the City's permitting requirements is "unlawful and a misdemeanor offense." GALVESTON, TEX., CODE OF ORDINANCES ch. 1, §1-7(a), ch. 29, art. II, §29-2(a)(1). For the reasons discussed in greater detail in the Motion to Remand at 1–2, 4–7, the City asserts that the Citation concerns a criminal proceeding under Texas law, not a "civil action." Should there be any question concerning that conclusion, however, the Court should follow the Fifth Circuit's directive "that any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Juanopulos v. Salus Claims Mgmt. LLC*, 518 F. Supp. 3d 973, 975 (S.D. Tex. 2021) (quoting *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

that the municipal Citation relies exclusively on local and state law and asserts only local-and state-law claims.[2]

The City asserted no federal claim in the Citation, no federal claim appears on the face of the Citation, and Porretto cannot remove on the basis of her purported federal defenses to enforcement. *Caterpillar*, 482 U.S. at 393, 399. Nor are any claims asserted in Porretto's proposed amended pleading relevant, because "[t]he existence of federal subject-matter jurisdiction is determined at the time of removal," which involves consideration of "the claims in the state court petition [Citation] as they existed at the time of removal." *Juanopulos*, 518 F. Supp. 3d at 975 (citing *In re Bissonet Investments LLC*, 320 F.3d 520, 525 (5th Cir. 2003) (citing *Arnold v. Garlock*, 278 F.3d 426, 434 (5th Cir. 2002)); quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted)).

For the multiple reasons discussed in greater detail in the City's Motion to Remand, Porretto has not satisfied her burden to establish that the Court has subject matter jurisdiction over this proceeding under any theory. For those reasons, the Court should remand this improvidently-removed proceeding.

## III.
## THE COURT SHOULD END PORRETTO'S VEXATIOUS PLEADING PRACTICES

This removed action is the third and latest proceeding Porretto has attempted to bring in federal court against various parties concerning her property and, as has been her

---

[2] *See* Exhibit A to *Sonya Porretto's Notice of Removal to the United States District Court for the Southern District of Texas (Galveston Division)* (ECF 2).

practice, she has already attempted to amend it. *See* Motion for Leave to File First Amended Answer, Affirmative Defenses and Counterclaims (ECF 11). The Motion Docket Date and deadline for the City's response to that motion is September 23, 2022. If this matter remains pending on that date, the City will respond.

Porretto has already amended her pleadings three times in what she characterizes as the "Adversary Proceeding," Case No. 3:21-cv-00359, in which the Court earlier indicated that it "does not anticipate granting further leave to amend." (ECF 62). The City's renewed motion to dismiss that proceeding was filed on April 22, 2022 (ECF 69), and the City's reply to Porretto's response was filed on June 14, 2022 (ECF 76). Renewed motions to dismiss filed by the City, the Galveston Park Board of Trustees, and the Texas General Land Office remain pending. (ECF 69, 70, 75, 76).

Porretto also has purported to file yet another proceeding, Adversary Case No. 22-03043, in the United States Bankruptcy Court for the Southern District of Texas, on March 14, 2022, styled *Sonya Porretto v. U.S. Army Corps of Engineers, John Davidson in his Official Capacity as Head of Compliance, Galveston District – U.S. Army Corps of Engineers; Colonel Timothy R. Vail, in his Official Capacity as District Commander – U.S. Army Corps of Engineers; Lieutenant General Scott A. Spellman, in his Official Capacity as Chief of Engineers and Commanding General, U.S. Army Corps of Engineers; and, Christine Wormuth, in her Official Capacity as Secretary of the Army*.

In addition, in this proceeding Porretto has filed a Motion to Strike the Citation, Motion to Remand (ECF 10) and Other Filings and Provide Additional Relief (ECF 12) in which, among other things, she purports to contest the authority of the City's outside

counsel to represent it in connection with the City's Motion to Remand. The Motion Docket Date and deadline for a response to that motion is September 27, 2022. If this matter remains pending on that date, the City and its counsel will respond more formally to the specious claim that the City's counsel lacks authority to represent it in connection with the Motion to Remand.[3]

The vexatious and unnecessary nature of Porretto's various pleadings attacking the remand of the municipal court code enforcement action is well-illustrated by facts that Porretto admits: (1) On July 20, 2022, after removal but before the motion to remand was filed (on August 17, 2022 (ECF 10)), the City Attorney stated that the Citation would be

---

[3] As an officer of the Court, counsel advises that Texas law authorizes local governments to establish self-insurance funds "to protect the governmental unit and its officers, employees, and agents, from any insurable risk or hazard." TEX. GOV'T CODE ANN. §2259.031(a). Under the Texas Interlocal Cooperation Act, local governments are empowered to contract with one another through interlocal agreements to pool their resources and collectively self-insure against insurable risks and hazards. *See id.* §§791.001, 791.011(a); Op. Tex. Att'y Gen. No. MW-347 (May 29, 1981). The Texas Municipal League Intergovernmental Risk Pool is one such statutorily-authorized self-insurance risk pool, and the City of Galveston is one member of what is known as the Texas Municipal League Joint Self-Insurance Fund. *See* Minutes of the August 12, 2021 Regular Meeting of the City Council of the City of Galveston (Consent Agenda Item 10.M. - Consider For Approval The Annual Renewal Of The Inter- Local Agreement With Texas Municipal League Intergovernmental Risk Pool For The 2021- 2022 Fund Year For Liability And Property Coverage. Authorizing The City Manager To Execute All Necessary Documents Upon Final Approval By The City Council), Sept. 13, 2022, https://www.galvestontx.gov/AgendaCenter/ViewFile/Minutes/_08122021-4009. As a Fund member the City has coverage for certain potential liability exposures, and the Fund has the "right and duty to defend any suit" for which liability is alleged even, when as true here, the allegations are groundless. As part of that coverage, and pursuant to the terms to which the City has agreed, the Fund acts on behalf of the City with the authority to retain legal counsel to defend Fund members. Pursuant to that authority, the undersigned is authorized to represent the City of Galveston in connection with the Motion to Remand.

dismissed;[4] (2) on August 3, 2022, before the City was aware that Porretto had filed an answer, the City filed a notice of dismissal pursuant to FED. R. CIV. P. 41(a)(1)(A)(i) (ECF 5); (3) after the City was notified of Porretto's answer, it offered to file a notice withdrawing the notice of dismissal under FED. R. CIV. P. 41(a)(1)(A)(i) and to file an amended notice of dismissal with Porretto's consent under FED. R. CIV. P. 41(a)(1)(A)(ii); (4) Porretto rejected the City's offer to dismiss the pending proceeding voluntarily, and instead demanded responses to a multitude of demands before she would consent to a dismissal of this proceeding (and the Citation) on which she based her removal petition. *See* ECF 12, Exhibits 1 and 2 (email exchanges between counsel); ECF 5 (Notice of Voluntary Dismissal); ECF 7 (Notice of Withdrawal of Notice of Voluntary Dismissal).

The City respectfully requests that, consistent with the Court's schedule and its various other responsibilities, the Court grant the Motion to Remand, dismiss the Motion to Amend as moot, dismiss the Motion to Strike the Citation, Motion to Remand and Other Filings and Provide Additional Relief as lacking merit, and grant the pending motions to dismiss filed by the City, the Galveston Park Board of Trustees, and the Texas General Land Office in Case No. 3:21-cv-00359, as well as such other relief to which the City is justly and equitably entitled.

---

[4] The Citation was dismissed on August 1, 2022.

Respectfully submitted,

By: */s/ Barry Abrams*

Barry Abrams
Attorney-in-Charge
State Bar No. 00822700
S.D. Tex. Bar No. 2138
Neil F. Young
State Bar No. 24121218
S.D. Tex. Bar No. 3635269
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
barry.abrams@blankrome.com
neil.young@blankrome.com

**ATTORNEYS FOR PLAINTIFF
THE CITY OF GALVESTON**

## CERTIFICATE OF SERVICE

I certify that on September 14, 2022, a true and correct copy of the foregoing and/or attached instrument was served via the Court's Electronic Filing System on all parties requesting notice in this Proceeding.

*/s/ Barry Abrams*
Barry Abrams