IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| City of Galveston,<br>    Plaintiff,<br><br>v.<br><br>Sonya Porretto,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 22-00256<br>On removal from the Municipal Court of City of Galveston, Texas: Citation No. 090326 |

**MOTION TO STRIKE RESPONSE TO MOTION FOR LEAVE (ECF 18) AND, IN THE ALTERNATIVE, REPLY TO RESPONSE TO MOTION FOR LEAVE**

Pursuant to Federal Rules of Civil Procedure 9 and 12(f), Defendant Sonya Porretto respectfully moves this Court for an Order striking the response purportedly filed on behalf of the City of Galveston to Ms. Porretto's Motion for Leave to File an Amended Answer, Affirmative Defenses and Counterclaims (ECF 18) ("Response") filed on behalf of the City of Galveston ("City") because counsel does not appear to have authority to act for the City. The City Council has not authorized its filing or retention of counsel. Ms. Porretto incorporates by reference the arguments and factual allegations set forth in her Motion for Leave (ECF 11-1), Motion to Strike the Motion to Remand (ECF 12), and Response to Motion to Remand (ECF 13), and Amended Motion to Strike Reply Brief (ECF 16) herein to avoid duplication. In addition, the purported counsel filed a Response at ECF 19 which Ms. Porretto will respond to in a separate filing and asks the Court to incorporate herein. In support of this motion, Ms. Porretto states as follows:

1

## JURISDICTION

This Court has subject matter jurisdiction to consider this matter under 28 U.S.C. §§ 1331, 1334, 1367, 1441, and 1446 and Federal Rules of Civil Procedure Rule 12 and 9. *See,* ECF 1 (Notice of Removal). The property where the alleged "work" occurred is located in the City of Galveston, and venue is proper.

## OVERVIEW

### Citation Issued to Ms. Porretto for Improper Purpose

This case arises because the City of Galveston issued a citation to Ms. Porretto for "performance of work in violation of City Code 1-7 and 29-2." The only work Ms. Porretto has undertaken on her beachfront property located in Galveston since regaining control has been ordinary maintenance and/or mitigating flooding from the adjacent property consistent with historical uses and procedures that have been used to maintain the beachfront property she owns for 70 years. This is the first time Ms. Porretto received a Citation and first time she is aware that any owner of the property over the past 70 years receiving a Citation for maintaining the property. The face of the Citation shows no work was performed at the time it was issued, insufficient description of the location of the alleged violation, and identified the Chief Municipal Prosecutor as the Witness. There were also other defents. Ms. Porretto should not be forced to retain counsel, remove the action to Federal Court, and then be threatened that the Citation will be dismissed if she concedes to the City's terms of a dismissal without prejudice, including her counterclaims, or face a remand fight.  All while the counsel disregards inquiries as to what authority it has to even

act for the City. Given the actions of the City and its purported counsel, apparently directed by TMLIRP, Ms. Porretto is at substantial risk of future abuses.

The Citation made the applicability and constitutionality of Sec. 29-2 an undeniably ripe issue.

## Purported Counsel for the City Lacks Authority and Response to Motion for Leave Should be Striken

Ms. Porretto raised concerns regarding the authority of the counsel acting for the City of Galveston in this case since the first appearance, but the inquiry was disregarded. Of course, if the City believed the action was criminal it would be required to produce records requested, but in this case the City has not produced the records. The City would only have filed a notice of dismissal under Rule 41 if it thought there was jurisdiction because under criminal procedure a party cannot just dismiss a case with a Rule 41 notice but needs the Court to approve the dismissal.

To date, purported counsel for the City has provided nothing to clarify it has authority, but each filing raises more questions. The Citation is extraordinary on its face and raises serious equal protection, due process and abuse of process concerns. Then, compounding that with outside counsel purporting to act as criminal counsel but if it is not a criminal matter then as civil attorney on a code enforcement action with the issues and all with the City Council having no decisions making over any part of the process.

The allegations that Ms. Porretto is raising "futile" and unimportant issues while repeatedly lambasting her as being criminally charged shows the sheer disregard for

property rights and due process. The process is what is support to help equalize the playing field.

In this case, it is acknowledged that the City Council has not even been informed of the case and is not the decisionmaker in the case but apparently the attorneys are acting solo with no client direction or at the direction of TMLIRP. Once again extraordinary arguments, especially since the City Code requires the City Council to appoint counsel to handle any code violations and the purported counsel for the City has not provided one signed contract between the City and TMLIRP.

The Certificate of Interested Parties filed for the City does not disclose TMLIRP as a party with a financial interest despite the fact that it controls the risk pool. Further, if TMLIRP is controlling the process in this case it raises significant concerns with TMLIRP's roll in the other pending litigation and refusal of the parties to try to reach a resolution and/or if it was a party directing a strategy to try to use a Citation for forum shopping.

There are rules govering the City and attorneys which the public is supposed to be rely upon to provide all at least a semblance of equal protection and due process. The City and attorneys are acting as if those rules governing the process do not apply in this case without any basis.

Notably, the counsel apparently takes the position that the TMLIRP can unilaterally appoint counsel and apparently serve as a decisionmaker on all things in the case since an attorney has to confer with its client for direction. We know the City Council has not had one meeting with the purported counsel about this Citation case. The City Council is

subject to open meetings law and any meeting not publicly noticed would have been illegal and any action taken void.

The City Council can only take action on the items on the agenda. This touches on another point the purported counsel attempts to use as a smokescreen to suggest authority was granted to counsel. The August 2021 minutes relied upon by the purported counsel for the City was simply to approve the expenditure amount not the contracts related to the renewal with TMLIRP. The Agenda Item clearly provides that the contracts are to be approved later by the City Council. In City governance, the budget process is ongoing through August and September, so it is important to approve expenditures to meet the statutory deadlines for approving a budget in September. No signed contracts with the City of Galveston and TMLIRP were provided and, even if they were, the allegation that the TMLIRP has unilateral authority to retain and make the decisions in litigation with the City under the terms of such contract are unsupported by fact and law.

## Leave to Amend the Answer, Affirmative Defenses and Counterclaims Should be Granted

In this case, there is no reason not to grant leave. There is no prejudice to any party. The City has not responded yet. And, the Court has jurisdiction. The allegations from the notice of removal forward have raised Federal question issues arising from the face of the Citation to the applicability and constitutionality of Sec. 29-2.

The opposing argument appears to be that because the City was caught issuing an improper Citation after Ms. Porretto was forced to get counsel to respond to the Citation

and suffer the embarrassment, inteference, abuse, anxiety and stress in dealing with the Citation that her efforts to protect herself from being subjected to such abuse again is futile.

As noted in the case Sheffield v. George P. Bush, Fifth Circuit Court of Appeals, Case No. 22-40350, in the "voluntary cessation" mootness context, there is a "heavy" burden to prove mootness. *West Virginia v. Environmental Protection Agency*, 142 S. Ct. 2587, 2607 (2022).  In the *Sheffield* case, the GLO issued an Order, suit was filed, Court ruled on motion to dismiss, Plaintiff's appealed, and then GLO rescinded the Order in an effort to suggest the litigation was moot.  The Fifth Circuit denied the motion to dismiss the appeal on the mootness argument. Likewise, in the present case, the City attempts to argue that its belated willingness to dismiss the Citation after dragging Ms. Porretto in pleadings should render the case futile.

In the *Perry* case, the Court opined that the harm to the defendant was the primary purpose of the "charges."  The *Perry* case also shows the significant tie in with the constitutional issues.  See,  https://caselaw.findlaw.com/tx-court-of-criminal-appeals/1727231.html

Rule 41 allows for a dismissal of an action and the counterclaims being preserved to go forward. In the presentcase, the Citation should be striken with Ms. Porretto's moton for leave granted so that she canbe protected in the future from dealing with repeated hostile actions in an effort to try to thwart the success of her operations and chill the value of her property.

## **CONCLUSION**

Wherefore, Ms. Porretto respectfully requests that the Court enter an Order striking the Response. Ms. Porretto further requests that the Court find that the attorneys with Blank Rome lack authority to act for the City in this case and are disqualified from representing the City in any civil proceedings related to the Citation given their unauthorized actions supplanting themselves as criminal prosecutors and/or code enforcement officials for the City.

/s/Deirdre Carey Brown
_____

Deirdre Carey Brown, pllc
Texas Bar No. 24049116
FORSHEY & PROSTOK, LLP
1990 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Ph 832-536-6910
Fax 832-310-1172
dbrown@forsheyprostok.com
Counsel for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion to Strike was served to the registered ECF users for the case on September 30, 2022.  A courtesy copy was emailed to the parties below:

**Via E-Mail**
Autumn Dawn Highsmith    autumn.highsmith@oag.texas.gov

Barry Abrams    babrams@BlankRome.com

Catherine Bennett Hobson    katie.hobson@oag.texas.gov

Deirdre Carey Brown    dbrown@forsheyprostok.com

Jason Bradley Binford    jason.binford@oag.texas.gov

Jessica Amber Ahmed    amber.ahmed@oag.texas.gov,

7

Shelly Magan Doggett     shelly.doggett@oag.texas.gov,

                                                    / s/ Deirdre Carey Brown
                                                    Deirdre Carey Brown