Case 3:22-cv-00256   Document 30   Filed on 12/07/22 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
December 07, 2022
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

GALVESTON DIVISION

No. 3:22-cv-256

CITY OF GALVESTON, *PLAINTIFF*,

v.

SONYA PORRETTO, *DEFENDANT*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Before the court is the plaintiff's motion to remand. Dkt. 10. The court grants the motion.

## I. BACKGROUND

On June 29, 2022, a Galveston police officer issued Municipal Citation No. 090326 to Sonya Porretto for operating machinery on Porretto Beach without a beachfront-construction certificate and dune-protection permit as required by city ordinance. Dkt. 10 at 2. Specifically, Porretto was cited for

"[p]erformance of work in violation of City Code Sec. 1-7 & Sec. 29-2."[1] *Id.* Porretto signed the citation, promising to appear in municipal court and either pay the imposed fine or give written notice to contest it by July 29, 2022. *Id.*

On July 19, 2022, Porretto removed the municipal court proceeding arising out of the citation under 28 U.S.C. § 1441. Dkt. 1.

The city has moved to remand. Dkt. 10.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "must presume that a suit lies outside this limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]he party seeking the federal forum" has "the burden of establishing federal jurisdiction." *Id.* "If, as here, the parties are not diverse, there must be a federal question for the federal court to have jurisdiction." *Woodard-Hall v. STP Nuclear Operating Co.*, 473 F. Supp. 3d 740, 744 (S.D. Tex. 2020).

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on

---

[1] City Code section 1-7 further provides that a misdemeanor violation of the City Code carries a maximum $500.00 fine. *See* Galveston, Tex., Code of Ordinances ch. 1, § 1–7(a).

state law.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citation omitted).

Generally, a civil defendant may remove a civil action brought in state court to a federal district court that has original jurisdiction over the matter. 28 U.S.C. § 1441(a). A criminal defendant also may remove certain criminal prosecutions, as provided in 28 U.S.C. §§ 1442, 1442a, and 1443. Federal courts construe removal statutes strictly, and "any doubts concerning the propriety of removal are construed against removal." *Woodard-Hall*, 473 F. Supp. 3d at 744.

### III. ANALYSIS

The city argues that remand to the municipal court is appropriate because: (1) removal of a municipal criminal prosecution via the civil removal statute was improper; (2) no criminal removal statute provides a basis for removal; and (3) the court lacks subject-matter jurisdiction. Dkt. 10 at 3.

**A. Removal of a Criminal Prosecution**

The city contends that because its action against Porretto is a criminal prosecution of the citation, Porretto's use of 28 U.S.C. § 1441—which applies only to "civil action[s] brought in a State court"—does not provide her with a basis for removal. Dkt. 10 at 4 (quoting 28 U.S.C. § 1441(a)). The city also

notes that while Porretto's notice of removal asserts that this matter is "a civil action" because the citation "seeks to assert civil penalties" against Porretto," Dkt. 1 at 8, this statement mischaracterizes the legal nature of the citation and is incorrect. Dkt. 10 at 4–5.

In support, the city notes that the citation and the corresponding city ordinances conspicuously state the criminal nature of the municipal proceeding, s*ee* Galveston, Tex., Code of Ordinances ch. 1, § 1–7(a), ch. 29, art. II, § 29-2(p)(1), and that the Texas Court of Criminal Appeals has confirmed that Texas municipal courts possess criminal jurisdiction to enforce municipal-code provisions concurrent with Texas justice courts. *Lange v. State*, 639 S.W.2d 304, 305 (Tex. Crim. App. 1982) (subject-matter jurisdiction of Texas municipal courts encompasses criminal cases arising under municipal and state laws, in which punishment is by fine only); *Ex parte Minjares*, 582 S.W.2d 105, 107 (Tex. Crim. App. 1978) (internal citations omitted) ("The municipal court of an incorporated city, town, or village is empowered to assess fines as punishment. Its criminal jurisdiction . . . is concurrent with the justice court in cases where punishment is by fine only.").

In her notice of removal, Porretto contends that if a penalty does not carry the possibility of imprisonment, it necessarily must be civil in nature.

Dkt. 1 at 9. This argument is fatally flawed for three reasons. First, Porretto ignores the text of the relevant City Code provision at issue, which explicitly states that the offense charged is a misdemeanor criminal offense. Second, she ignores the fact that under Texas law and under the City Code, the municipal court has criminal jurisdiction over matters in which the punishment is by fine only. Finally, the statute to which Porretto refers— Texas Local Government Code § 54.019—applies to municipalities which bring civil actions to enforce certain health and safety ordinances in a district court or county court at law. *See id.* But the citation here does not charge a violation of any such health or safety ordinance; it charges a criminal violation of the City Code for operating machinery without the required beachfront-construction certificate and dune-protection permit. Section 54.019 simply does not apply.

The case law that Porretto relies on is equally misplaced. *See* Dkt. 13 at 15. Porretto's citation of *RBIII, L.P. v. City of San Antonio,* SA-09-CV-119-XR, 2010 WL 3516180 (W.D. Tex. Sept. 3, 2010), for the contention that "Texas courts 'apply a "strict rule of construction" to statutory enforcement schemes" is both utterly correct and completely irrelevant. Again, she refuses to see that her interpretation of the city's ordinance enforcement scheme as civil and not criminal is without legal authority. *Id.* at *4 (citing *Bd. of*

*Adjustment of City of San Antonio v. Wende*, 92 S.W.3d 424, 430 (Tex. 2002)).

Moreover, her reliance on *City of Neodesha v. BP Corporation North America Inc.*, 176 F. Supp. 3d 1233 (D. Kan. 2016), for support that a district court should overrule a city's motion to remand in circumstances "which appear[] most analogous to this case," Dkt. 13 at 15, is likewise inapposite. Unlike Porretto's removed action, subject-matter jurisdiction in *Neodesha* was predicated on diversity, where neither the diversity of the parties nor the amount in controversy was disputed. *Neodesha*, 176 F. Supp. 3d at 1239 n.11. More damning for Porretto, the Kansas municipal ordinance at issue in the case expressly stated that the penalties provided were "civil penalties" under Kansas law. *Id.* at 1247.

Finally, in her reliance on *Tull v. United States*, 481 U.S. 412 (1987), for the proposition that "civil penalties for an alleged municipal code violation are civil in nature not criminal," Dkt. 1 at 9, Porretto has misread the case. *Tull* involved a Clean Water Act violation, not a municipal-code violation, and the penalty at issue there was expressly civil. 481 U.S. at 414–415. *Tull*, therefore, is inapplicable.

Because the city's prosecution of the citation concerns a criminal proceeding, not a civil matter, 28 U.S.C. § 1441 does not authorize removal.

### B. Criminal Removal Statutes

The city next contends that the notice of removal did not invoke any of the three criminal removal statutes, 28 U.S.C. §§ 1442, 1442a, or 1443, via the procedure set forth in § 1455. *See* 28 U.S.C. § 1455(b)(2) (stating that a notice of removal must set forth all grounds for removal and failure to include them constitutes a waiver of such grounds). "The removal statutes apply only under very specific circumstances to criminal prosecutions." *Town of Raleigh v. Caissie*, No. 3:15-CV-382, 2016 U.S. Dist. LEXIS 29313, at *3 (S.D. Miss. Feb. 17, 2016). Federal officers or agencies sued or prosecuted may remove their cases under § 1442. *Id.* Members of the armed forces performing acts under color of their office who are sued or prosecuted may remove under § 1442a. *Id.* Finally, certain prosecutions regarding civil rights may be removed under § 1443. *Id.*

Once again, Porretto does not engage with the city's argument. *See generally* Dkt. 13. Simply put, no legal basis exists under the criminal removal statutes for Porretto to remove the proceeding from municipal court.

### C. Subject-Matter Jurisdiction

Last but not least, the city argues that remand is required because Porretto has failed to meet her threshold burden to show that the court has subject-matter jurisdiction over the city's criminal prosecution. Dkt. 10 at 8.

Further, the city argues that although Porretto contends that the court "has original subject[-]matter jurisdiction under 28 U.S.C. § [sic] 1331 and 1334," Dkt. 1 at 8, neither statute, nor Porretto's final reliance on § 1367, provides a jurisdictional basis for this proceeding. Dkt. 10 at 8.

### 1. Section 1331

Porretto claims that the court has federal-question jurisdiction under § 1331 because "the [c]itation raises constitutional defenses and potential counterclaims arising under [f]ederal law on its face, including but not limited to due process." Dkt. 1 at 7. Nevertheless, the law is clear that "a case may *not* be removed to federal court on the basis of a federal defense." *Caterpillar*, 482 U.S. at 393.

> [A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

*Id.* at 399.

Porretto has not cited anything evident on the face of the citation—which she ridiculously contends is the city's relevant "pleading"—that implicates a question of federal law. The citation is simply a state-law prosecution involving alleged criminal violations of the City Code. Porretto

cannot transform a routine municipal misdemeanor proceeding into a federal action by purporting to raise a federal defense upon removal. Section 1331 does not apply.

### 2. Section 1334

Porretto next resurrects her claim that the court has bankruptcy jurisdiction under § 1334 because the citation purportedly "involves property that was subject to the [c]ourt's jurisdiction in [b]ankruptcy and is the subject of pending litigation arising from the [b]ankruptcy." Dkt. 1 at 7. Even if the citation involved any conduct occurring during Porretto's now closed bankruptcy proceeding[2]—which it does not—the court nevertheless does not have subject-matter jurisdiction over claims that Porretto pretends are "related to" the now closed bankruptcy proceeding. Porretto cannot create federal jurisdiction by raising § 1334, yet again, as a counterclaim or defense in yet another proceeding—this time a criminal prosecution in which she is a defendant.

### 3. Section 1367

Finally, Porretto claims that the court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 "given the transaction and occurrences

---

[2] *See* Order Closing Case, *In re Porretto*, No. 09-35324, ECF No. 823 (Bankr. S.D. Tex. June 22, 2022).

related to the [c]itation are directly related to the Porretto [f]ederal [l]itigation." Dkt. 1 at 7. But to exercise § 1367 jurisdiction, this court must first have original jurisdiction over the removed claim. As indicated above, no such jurisdiction exists. Even assuming *arguendo* that the citation were somehow related to Porretto's separate pending civil suit against the city—which it is not—the court does not have original jurisdiction there either.³

With no original jurisdiction here or in the related lawsuit, no basis exists for the court to exercise supplemental jurisdiction. In conclusion, Porretto has not satisfied her burden to establish that the court has subject-matter jurisdiction in this proceeding under any theory.

---

³ *See Porretto v. Galveston Park Bd. of Trustees*, No. 3:21-cv-00359 (S.D. Tex. Apr. 22, 2022).

\* \* \*

For the reasons stated above, the court grants the motion to remand. Dkt. 10. The clerk is ordered to remand this action to the Municipal Court of Galveston. Porretto's vexatious motions to strike the city's motion to remand and various responsive filings are denied as wholly without merit. Dkts. 12, 15, 16, 20, 21. Porretto's motion for leave to amend her answer, affirmative defenses, and counterclaims is denied as moot. Dkt. 11.

Signed on Galveston Island this 7th day of December, 2022.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE