# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| City of Galveston, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 22-00256 |
| | § | On removal from the Municipal Court |
| Sonya Porretto, | § | of City of Galveston, Texas: Citation |
| | § | No. 090326 |
| Defendant. | § | |
| | § | |

## PORRETTO'S MOTION FOR NEW TRIAL OR TO ALTER OR AMEND JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

Defendant, Sonya Porretto ("Porretto"), hereby submits this Motion for New Trial or to Alter or Amend Judgment and Memorandum of Law in Support Thereof pursuant to Rule 59, FED. R. CIV. P., in order to correct clear error or manifest injustice on the grounds set forth herein.

Ms. Porretto respectfully requests the Court reconsider the denial of the following motions to strike: ECF 12 (motion to strike motion to remand and "all other filings on behalf of *the City*", p.8 (*emphasis added*)); 15 (motion to strike reply), 16 (amended motion to strike amending ECF 15); 20 (motion to strike response ECF 18), 21 (motion to strike response ECF 19), and 25 (motion to strike response and declarations filed at ECF 23) (collectively referred to herein as "**Motions to Strike**").

Ms. Porretto further requests that the Court vacate the order granting the motion to remand (ECF 10), and strike the motion to remand and the Citation. In the event the Citation is stricken, the counterclaims (ECF 4) and *Motion to Amend the Answer, Affirmative Defenses and Counterclaims*

(ECF 11) should be denied as moot ***without prejudice*** and the Court's ruling on the motion to amend amended to reflect same. Ms. Porretto should be entitled to refile as the Plaintiff on her affirmative claims.

The Memorandum Opinion and Order at ECF 30 denied the motions to strike and granted the motion to remand. The Order at ECF 29[1] denying the motion to disqualify (ECF 28) was entered on November 14, 2022, so this motion is being filed within 28 days of that Order to the extent Ms. Porretto asserts there was a lack of authority for counsel to act in the captioned matter in the motion to disqualify and that any responses filed on behalf should be stricken.

Also, there are new issues that have arisen since the parties filed briefing in this case. In late November 2022, the City owned Stewart Beach once again had massive flooding which impacted neighboring property owners and caused damage to her parking area which is currently in need of repairs to mitigate the damage caused by the other flooding from Stewart Beach which was not remediated with ordinary maintenance and repairs because of the citation. *See,* **Exhibit A**, Declaration of Ms. Porretto.

## REQUESTED RELIEF

Defendant Porretto requests that the Court:

(a)     Vacate the Court's Memorandum Opinion and Order (ECF 30);

(b)     Enter an Order granting the Motions to Strike the citation given the City Attorney acknowledges it has a false entry, and granting the motion to amend the counterclaims (ECF 11); and,

---

[1] The Court's ruling on the motion to disqualify was entered before the reply deadline had passed under the local rules. Then, the Court entered ECF 30 before the 28 days under Rule 59 had run.

(c)     Amend the Order at ECF 29 denying the motion to disqualify to strike the response and deny the motion as moot given the striking of the citation.

or, in the alternative,

(d)     Grant a new trial on the motions to strike, motion to remand, and motion for leave setting an evidentiary hearing with sufficient time for Ms. Porretto to serve witness subpoenas under Rule 45 of the Federal Rules of Civil Procedure regarding the false entry in the Citation, knowledge that the Citation is being used to seek remand despite knowing it has a false entry, illegal issuance of the Citation including but not limited to the City Attorney ordering the Galveston Police Department to issue the Citation, and lack of evidence that Ms. Porretto violated Sec. 29-2 while being being targeted in violation of her civil rights.

## **GROUNDS FOR MOTION**

Ms. Porretto is entitled to the relief requested because:

1. Rule 59(e) gives the Court the authority to vacate judgments previously entered as well as authority to amend or alter them. *Foman v. Davis,* 371 U.S. 178 (1962); and,*Arrieta v. Local 745 of the Int'l Bhd. of Teamsters*, 445 F. App'x 760 (5th Cir. 2011).

2. The ruling denying the Motions to Strike was in error and should be vacated given counsel was not properly appointed by the City Council to act in this code violation enforcement action and the factual finding that the Motions to Strike were vexatious is unsupported and in error.

3. If the Motions to Strike are granted, the Motion to Remand and all other filings of the City should be stricken for lack of authority and the ruling granting the Motion to Remand vacated.

In the event the Court decides the Motions to Strike should be granted on new trial and order granting remand vacated[2], then the other alleged errors of fact and law would be moot. But, in the alternative, Ms. Porretto alleges the following additional issues:

4.      It was error to find that the City can use a citation with false entries to support a basis for remand when it is an offense to use a public record with known false statements under the Texas Penal Code §37.10.[3] In this case, the City Attorney acknowledged the Citation was issued with a false statement that he was the witness when he was not and still the Citation was never vacated prior to Ms. Porretto's response deadlines;

a) he Notice of Removal and Citation alleges that the Citation asserts a violation of Sec. 29-2 which on its face provides federal jurisdiction. Section 29-2 incorporates federal mandates[4] and statutes providing federal question jurisdiction. Further, being subjected to a false citation gives rise to federal question issues. The issuance and continued use of the Citation also gives rise to federal issues, as well as civil rights claims on the face of the Citation under 42 USC 1981 and 1983.The City Attorney admitted the Citation has a false entry. Therefore, there are multiple basis for federal jurisdiction under 28 U.S.C. §1331 is proper; and,

b) the Citation fails to specifically identify any work in violation of Sec. 29-2; and, even if Sec. 29-2 is deemed to apply to any of Ms Porretto's property "work" to repair and maintain property is specifically allowed under Sec. 29-2(a)(3).

5. It is error for the Court to find that the allegation that the Citation is the relevant pleading is ridiculous and then rely on the Citation for purposes of granting a motion to remand.

6. It was error to find that a Citation under Sec. 29-2 is a "criminal" citation without considering the inconsistencies in Sec. 29-2(p) which provides that the "penalties" for a violation under

---

[2]  The Memorandum Opinion and Order granting the Motion to Remand (ECF 30) was entered on December 7, 2022.
[3] ECF (cites to      37.10 in pleadings)
[4]

Sec. 29-2 are provided by 31 TAC 15-9 which only provides for civil and administrative penalties; and, therefore, the reference to a "misdemeanor" in Sec. 29-2(p) is inconsistent with 31 TAC 15-9 and in the event of an inconsistency state law and state regulations control. Sec. 29-2.

7. It was error for the Court to find that remand was proper under the well pleaded complaint rule when the notice of removal alleged a violation of Sec. 29-2 which raises federal question issues on the face of the ordinance which adopts federal mandates and consistency requirements and the City Attorney acknowledged in an email to Ms. Porretto's counsel that the citation itself has a false entry *after* the notice of removal was filed where use of a government record with a false entry is a violation of the Texas Penal Code §37.10 and 18 USC §1001 which implicated federal questions including civil rights claims by Ms. Porretto[5] and a defendant may remove a case to federal court when it could have originally been filed in federal court, 28 U.S.C. § 1441(a).

8. As new evidence, the City owned Stewart Beach is continuing to damage Ms. Porretto's property as late as November 23, 2022, and the allegations that she cannot maintain or repair her property after her property was damaged without being subject to "robust action" from the City is wholly inconsistent with the goals and objectives of the federal mandates, as well as Sec. 29-2[6].

9. It was error to make factual findings not supported by the record.

---

[5] ECF 1, p. 3-4, Notice of Removal alleges the actions gave rise to claims under 42 USC 1983 as well as violations of Ms. Porretto's constitutional rights.
[6] Ms. Porretto alleges that Sec. 29-2 incorporates plans that have false information and, therefore, the permitting process is flawed because the City cannot use government records with false information to determine permits.

## <u>OVERVIEW</u>

This is a case where the City of Galveston ("**City**") issued a citation to a private beach property owner, Ms. Sonya Porretto ("**Porretto**"). Ms. Porretto conducts maintenance and routine repairs on her property which she operates as a beach with a parking area and concessions. The citation vaguely alleged she did "work in violation of City Code Sec. 1-7[7] and 29-2". Sec. 29-2(a)(3) allows maintenance and routine repairs. Ms. Porretto has maintained and made repairs to her property over the years according to standard procedures used for decades without Citation by the City.[8] The citation also identified the City Attorney/Chief Municipal Prosecutor as the witness for the citation which was alarming on its face.

Ms. Porretto filed a Notice of Removal[9] of the citation. The citation cites Sec. 29-2 which invokes federal questions and federal law on the face of the ordinance. Sec. 29-2 requires consistency with federal mandates and statutes, as well as state law and regulations.[10] Sec. 29-2 provides that state law and regulations controls over Chapter 29. *Id.* After the Notice of Removal was filed, the City Attorney ratified that the Citation had a false entry identifying Donald Glywasky

---

[7] *See,* Sec. 1-7 which was last amended in 2019 by Ordinance No. 19-061(https://mcclibraryfunctions.azurewebsites.us/api/ordinanceDownload/10204/984915/pdf ) where the recitals in the ordinance reaffirm that the ordinance is promulgated for the "public health, safety, morals and general welfare of the municipality." Ordinance No. 19-061 also repealed the entirety of Sec. 1-9 which was titled "Code enforcement citations in criminal enforcement" further supporting that the enforcement of 29-2 is civil in nature given it is a fine-only provision and 31 TAC 15-9 only provides for civil and administrative penalties.

[8] After briefing in this case, Stewart Beach flooded again in late November 2022 causing further damage to Porretto Beach. *See,* **Exhibit A**, Declaration of Ms. Porretto which includes photos of the new flooding. Ms. Porretto has had to engage in surveillance of her own private property to be able to address the continuous damage from the City-owned Stewart Beach by employing appropriate maintenance and repair strategies. *See,* **Exhibit A**, Declaration of Ms. Porretto.

[9] ECF 1.

[10] In addition, City Code Sec. 29-63 and 29-73 show the direct connection between the City Code and federal programs. Consistency is required to have compliance under the federal mandates.

(also the City Attorney and Chief Municipal Prosecutor) as the witness[11]. The City Attorney indicated the Citation would be dismissed.[12] It wasn't. Ms. Porretto responded by the July 29, 2022, deadline set on the Citation by filing an *Answer, Affirmative Defenses, and Counterclaims* (ECF 4).

The City then accepted this Court's jurisdiction and filed a notice of dismissal under Federal Rules of Civil Procedure Rule 41 ("**Rule 41 Notice**"). The notice of dismissal sought to dismiss the citation *without prejudice.*[13] By filing the Rule 41 Notice seeking to dismiss the Citation *without prejudice,* the City used a government record with a knowingly false entry to try to be able to allege a citation based on a false entry could be preserved to allow a later action. At the time the Rule 41 Notice was filed, it alleged Ms. Porretto had not served a response to the City.

Counsel acting for the City withdrew the Rule 41 Notice after being provided proof of the service of Ms. Porretto's *Answer, Affirmative Defenses, and Counterclaims*, but nevertheless continued to assert that Rule 41 of the Federal Rules of Civil Procedure governed dismissal in the notice withdrawing the Rule 41 Notice.[14] The City used the Federal Rules of Civil Procedure for the Rule 41 Notice and the withdrawal of the notice, not the Federal Rules of Criminal Procedure[15] which would govern the dismissal of a criminal action acknowledging that the matter is civil in nature.[16]

---

[11] ECF 12-1.

[12] ECF 12-1.

[13] ECF 5 ("Rule 41 Notice").

[14] ECF 7, p. 1.

[15] See, Federal Rules of Criminal Procedure, Rule 48.

[16] If the City had filed a complaint complying with Rule 8 and Rule 9 then it would have avoided using a government document with a knowingly false statement for the purposes of seeking remand. A written notice to appear for a fine-only misdemeanor offense may serve as a complaint. *See,* Art. 27.14(d), Tex. Code Crim. Proc; Tex. Atty. Gen. Op. JM-869 (1988) and Tex. Atty. Gen. Op. JM-876 (1988). It is black letter law that "pleading" is defined to include complaints. *See,* Rule 7 of the Federal Rules of Civil Procedure. The Court's finding in the Memorandum Opinion and Order at ECF 30, p. 8 finding "which [Ms. Porretto]

The City used the Citation as a basis to file a motion to remand. The City knew that the Citation had a false entry. The use of a public record with a false entry is prohibited under Texas Penal Code §37.10 and 18 USC §1001.[17]  "A person commits an offense if he: makes, presents, *or uses* a governmental record with knowledge of its falsity."  The only basis that the City can use to assert there is jurisdiction in the municipal court is if it ***uses*** the citation which the City Attorney himself declared had a false entry which is an offense of the Texas Penal Code §37.10. Arguably, the City should have filed a motion to dismiss[18] the citation with prejudice or acknowledging that the citation had a false entry and should not be used for any further purposes.

Ms. Porretto alleged in response to the Motion to Remand "The City knows false allegations that Ms. Porretto's property was eroding **and basing code provisions** *or enforcement actions on such false records is a violation of Texas Penal Code 37.10 which prohibits use of false information in government records*. **See also, 18 U.S.C. § 1001**." ECF 13, p.1 (incorporating allegations and argument in ECF 11-1, ¶ 61).  The Court's memorandum opinion and order (ECF 30), but did not address the acknowledgement by the City that the citation had a false entry and that the use of a document with a false statement creates an offense under Texas Penal Code.

The City did not refute Ms. Porretto's argument and allegations that the City Attorney conceded the citation contained a false statement and that it was an offense to use a government record with a false statement to demand remand given the use of a false government record is prohibited and itself a criminal offense under Texas Penal Code §37.10.  Ms. Porretto removed the

---

ridiculously contends is the city's relevant "pleading" is clearly erroneous as a matter of fact and law and should be amended. -
[17] *See,* **Appendix, 3**.
[18] ECF 15.

action based on federal question issues and sought to strike the citation. At all points in this case, the City continues to try to use the citation despite knowing it has false information. The City should not be able to use a government record with a false entry as the basis of alleging the Court lacks federal question jurisdiction.

Further, given the filings on behalf of the City are purporting to use a government document with knowingly false statement which is an offense under Texas Penal Code 37-10, the compliance with the City Code for the retention of outside attorneys to represent the city on code violation issues was a more critical issue. Ms. Porretto did not take the position that the City Council[19] engaged in these actions because City Council agendas show the City Council was not notified and the procedure in the City Code was not followed for listing this action on the City Council's agenda, nor was there an agenda item to appoint outside attorneys as required by the City Code. Ms. Porretto also did not place on blame the Galveston Police Department who from all appearances were following the City Attorney's direction. Ms. Porretto understood that the City Marshal normally handled code enforcement. [20]

The City took the position she could not do any work on her property in direct contravention of Sec. 29-2(a)(3) which specifically allows maintenance and repair work to be done with no permit.[21] The Citation did not specify what section of 29-2 she violated. Section 29-2 deals with

---

[19] On information and belief, one or more councilmembers may have conferred with the City Attorney in seeking to issue a Citation to Ms. Porretto, but at no time does anything in the City Council agendas or meetings show the entire City Council considered or took action related to this matter or in appointing the attorneys who represent the City.

[20] *See,* **Exhibit A.**

[21] ECF 2, p. 7 "Your client is hereby advised that if *any more work* at Porretto Beach is undertaken without a City permit citations will be issued by law enforcement. If that needs to be done on a daily basis so be it. *If a more robust approach is mandated, we will do that.*" (emphasis added). It is uncertain what is meant by a more robust approach, but it was certainly ominous language. *See,* Exhibit A. The City Attorney

beachfront construction certificates, dune protection permits, beach user fees, etc. There was prior litigation where it was ratified she had a right to control the property and conduct maintenance. *See,* Exhibit A. Sec. 29-2 was amended after the judgment in Ms. Porretto's favor.

On information and belief, the City never issued a citation to anyone for violation of Sec. 29-2, including itself. If a violation of City Code Sec. 29-2 gives rise to criminal penalties and are not civil in nature, then it means that the City is subject to criminal penalties under its own ordinance. Sec. 29-2 applies to persons which are defined to include the City.[22] A property owner is responsible for its agent's actions even if it did not do the work itself.[23]

As noted, this case is directly related to the Adversary Proceeding where it was alleged that the Park Board violated the procedures and City was aware of such violations. It is clear error to find the cases are not related given Mr. Glywasky specifically cited to the very letter from April 2021 which was the subject of the allegations in the Third Amended Complaint filed in the Adversary Proceeding.

Failing to address these issues will result in a clearly erroneous decision and manifest injustice to Ms. Porretto and have a greater impact on all property owners or anyone dealing with the City given the entire action is based on a citation that the City acknowledges if false and shows

---

acknowledged he was not a witness which calls this letter into questions. Ms. Porretto denied the allegations in this letter.

[22] *See,* Sec. 29-2 (adopts , Natural Resources and Conservation, Part I, Chapter 15, Subch. A, §§ 15.1—15.10 (hereinafter 31 TAC §§ 1515.10 and provides state law and regulations shall prevail over this chapter);

[23] *See,* 31 TAC § 15.9(b)(2) ("a person is considered to be engaging in or to have engaged in conduct that violates the Dune Protect Act or any rule, permit or order issued under this Act if the person is the person who most recently owned, maintained, controlled, **or** possessed the real property on which the conduct occurred) and 31 TAC § 15.9(c)(2)(For the purposes of this subsection, a person is considered to be the person who owns, maintains, controls, or possesses a structure or other encroachment on the public beach for the purposes of this subsection if the person is the person who most recently owned, maintained, controlled, or possessed the structure or other encroachment on the public beach).

on the face of the citation an effort to deprive Ms. Porretto of her civil rights and her private property rights.

## ISSUES

**ISSUE 1 – The denial of the motions to strike filings due to outside counsel's lack of authority to act for the City should be reconsidered**.

Ms. Porretto filed Motions to Strike under the Federal Rules of Civil Procedure 9 and 12 seeking to strike the filings made on behalf of the City in this case absent a showing that the attorneys acting for the City had authority to represent the City on code violation issues under Galveston City Code[24] Sec. 22-61 ("Sec. 22-61"). The Court denied the motions without explanation other than to opine the motions were "vexatious."

When a resident and property owner of the City is a party to litigation with the City and aware that the City Council has not had one City Council meeting agenda item to approve the attorneys handling code violation enforcement action as required under Sec. 22-61 or an agenda item providing notice of the claims raised in this case to the City and City Council under the City procedures for handling claims,[25] it is not only appropriate but it is critical to proper governance for citizens to raise concerns with the process especially in a case like this where there is an issue with

---

[24] Any reference to the Galveston City Code, City Code, or Code refers to the City Code of Galveston General Ordinances of the City as set forth on www.municode.com. https://library.municode.com/tx/galveston/codes/code_of_ordinances

[25] *See,* City Code Sec. 2-38; ECF 12, p. 13, ¶17 (https://galvestontx.gov/AgendaCenter/City-Council-16). The first City Council meeting held with this case listed on the agenda was on the City Council Workshop Meeting Agenda for December 8, 2022 which was after this Court entered its ruling at ECF 30. The failure to put this case on the City Council Agenda prior to December 8, 2022 was a violation of City Code Sec. 2-38(d) which provides that *"the city secretary shall place notice of the claim on city council's **next agenda**."* Sec. 2-38(d)(*emphasis added*). Sec. 2-38(a) defines a "notice of claim" to "include[] letters or other communications indicating that **a claim may exist or that a lawsuit may be filed against the city**, public official, or employee." (*emphasis added*).

a citation that has a false entry in the document.

The authority of counsel to act for a government body like the City is a significant public trust issue. Ms. Porretto, as a citizen of the City of Galveston, raised the concern with the authority of the attorneys because there was not one public council meeting approving the attorneys, not before or after she raised the concern directly to the attorneys. The City Council could have held a council meeting and appointed the outside attorneys, but never did. The first time this case was on a City Council was after the Court ruled on December 8, 2022, and it was for a workshop meeting where no action by the City Council could be taken.

The City Code provides that code enforcement matters **shall** be handled by the City Attorney as Chief Municipal Prosecutor or may be handled by deputy or assistant prosecutors appointed by the City Council. Sec. 22-61. Nothing in the responses to any of the Motions to Strike show that the City Council voted to appoint the outside attorneys to represent the City in this code enforcement action.

A motion to strike for lack of authority is appropriate when there is a question of whether counsel has authority to act for a party. *In re CorrLine Int'l, LLC*, 516 B.R. 106, 137 (Bankr. S.D. Tex. 2014) *citing to In re Salazar,* 315 S.W.3d 279, 287 (Tex. App.—Fort Worth 2010, orig. proceeding) (granting writ of mandamus and directing the trial court to strike the pleadings filed by two attorneys purporting to represent the corporation involved in the litigation); *see also Flores v. Koster*, No. 3:11–CV–0726–M–BH, 2012 WL 6633907, at *1 (N.D. Tex. April 5, 2012) ("When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff,

or strike its defenses if it is a defendant.").[26]

This is a case where the filings for the City alleged the citation was a criminal citation but then did not apply criminal procedure to the handling of the citation whether when seeking to dismiss the citation or refusing to provide Ms. Porretto the records related to the Citation. Under the Texas Government Code Sec.

The City of Galveston has adopted specific City Code sections which governs who represents the City on all city code enforcement matters whether civil or criminal.[27] The City Code provides that code enforcement matters **shall** be handled by the City Attorney as Chief Municipal Prosecutor or may be handled by deputy or assistant prosecutors with approval of the City Council. Sec. 22-61.

The City acts by and through its City Council and is governed by the Charter, City Code and State law. The responses to the motions to strike do not dispute the fact that the City Council never had a council meeting to discuss this case, council acts through a majority vote via a public meeting, and that the Council never voted to approve counsel to represent the City in this code enforcement matter.

The filings for the City acknowledge this is a code enforcement case and, therefore, that the appointment of counsel falls under the narrow more specific rules provided for in City Code Sec. 22-61.[28]

Although there was no vote by City Council approving the counsel representing the City in

---

[26] Under Texas state law, a motion to show authority is also appropriate. Tex. R. Civ. P. 12. This issue normally comes up in the context of a corporation, because a corporation cannot appear *pro se*. In the case of the City of Galveston, the City Code Sec. 22-61 only allows for the Chief Municipal Prosecutor or assistant/deputy prosecutors approved by the City Council to represent the City. Sec. 22-61. Therefore, the corporate cases are analagous to the City since there are express City Code provisions that are to be followed for approving counsel. A copy of Sec. 22-61 is attached as **Exhibit A.**

[27] ECF

[28] ECF

this case, the outside counsel acting for the City wore the hat of a municipal prosecutor handling code enforcement actions[29] while also representing the City in civil litigation with Ms. Porretto. A municipal prosecutor is also governed by specific rules requiring the prosecutor not to zealously act for the client, but to see that justice is done. In this case, the outside counsel claimed the Citation as criminal but then did not follow the criminal procedure applicable to prosecutors if the matter was criminal.

Despite the assurance that the Citation would be dismissed, the deadline to answer the Citation came due. The Citation had not been dismissed forcing Ms. Porretto to answer lest the City allege she failed to respond.[30] Then, outside counsel filed a Rule 41[31] notice of dismissal[32] using prosecutorial discretion to seek to dismiss the Citation *without prejudice* alleging Ms. Porretto had not served an answer or response. A dismissal with or without prejudice has very different consequences.[33] After the Rule 41 Notice was filed, Ms. Porretto now had to grapple with the effect of a dismissal of a citation with a false entry that is being proposed to be *without prejudice* even after the City Attorney acknowledged the Citation and a material false allegation that he was the witness.

The Rule 41 Notice required the counsel acting for the City to use prosecutorial discretion to decide to dismiss the action without prejudice versus with prejudice and to elect to seek dismissal under the Federal Rules of Civil Procedure instead of the Federal Rules of Criminal Procedure. Ms. Porretto's counsel informed the counsel acting for the City that the answer was filed and served.

---

[29] A municipal prosecutor may handled civil and criminal matters. *See,* ___
[30] ECF ____
[31] Federal Rules of Civil Procedure Rule 41
[32] ECF 5
[33]. Cite to caselaw

The counsel then withdrew the Rule 41 Notice and in doing so reaffirmed the fact that the counsel was using its prosecutorial discretion to attempt to negotiate a dismissal and reaffirmed the counsel's position that the Federal Rules of Civil Procedure applied. ECF 7. [34]

The citation has an undisputedly false statement that the City Attorney was a witness to the alleged violation. The use of a government record with known false statements may give rise to a violation of the Texas Penal Code Sec. 37.10. And, if the false entry in the City Citation was a result of a false report to a Galveston police officer then it would be a criminal violation of Texas Penal Code Sec. 37.08. Knowing the City Attorney alleged the citation had a false entry identifying him as a witness, the outside counsel used prosecutorial discretion to file a notice of dismissal of the Citation ***without prejudice.***

The record of the case shows that that outside counsel was not just retained to pursue a motion to remand but was affirmatively taking positions to use the citation which had a false entry to support that motion to remand, as well as using its discretion on whether to dismiss the citation with or without prejudice and under the Federal Rules of Civil Procedure instead of the Federal Rules of Criminal Procedure.

All of this was without being properly appointed by the City Council under Sec. 22-61. Ms. Porretto asks that the Court vacate its ruling denying the Motions to Strike and grant them to prevent manifest injustice and error of fact and law.

### ISSUE 2 – The Court erred as a matter of fact finding that Ms. Porretto operated heavy equipment and Ms. Porretto did not agree to appear in "municipal court"

---

[34] Counsel also alleged that the City dismissed the Citation (ECF 19, p.2). No evidence was provided of the alleged dismissal. Ms. Porretto had screen shots showing the Municipal Court updated the online record with different entries, but no entry showed the municipal judge had dismissed the Citation. However, the reference to a dismissal by the prosecutor on the municipal clerk docket did not have any reference to "without prejudice." *See,* ECF 21, 6-7.

The citation does not allege Ms. Porretto operated heavy equipment or that a beachfront construction or dune protection permit was necessary. The police officer has not provided any evidence in this case and there is no evidence as to why the citation was issued other than what is set forth on the citation itself. To the extent the City Attorney sent a letter to Ms. Porretto's counsel, he conceded he had no personal knowledge of any allegations and Ms. Porretto disputed his allegations. There is nothing in the citation and no evidence to suggest Ms. Porretto operated heavy equipment. This finding was an error and should be amended.

On information and belief, the officer's video camera and testimony would support Ms. Porretto's assertions if an evidentiary hearing was held. The attached unsworn declaration from Ms. Porretto attests under penalty of perjury that she did not operate any heavy. She also denied the allegation she operated heavy equipment in her response to the motion to remand. The Citation also shows that there was no work on the property when the Citation was issued. Ms. Porretto cooperated with the officer. But, nothing on the citation itself states she is to appear in "municipal court" and the finding of the court to the contrary should be amended.

**ISSUE 3 - The Court erred in asserting without factual or legal basis that the allegation the Citation was the City's pleading is ridiculous**

The Court makes a finding that alleging the City's municipal code enforcement citation is the relevant city pleading is "ridiculous." This is in error and should be amended. A written notice to appear for a fine-only misdemeanor offense may serve as a complaint. *See,* Art. 27.14(d), Tex. Code Crim. Proc; Tex. Atty. Gen. Op. JM-869 (1988) and Tex. Atty. Gen. Op. JM-876 (1988). It is black letter law that "pleading" is defined to include complaints. *See,* Rule 7 of the Federal Rules of Civil Procedure.

**ISSUE 3 – The Court erred in finding that the Citation is "criminal" in nature**

Sec. 29-2(p) has a reference to "misdemeanor" but provides that the 31 TAC 15-9 provides for the penalties. The penalties in 31 TAC 15-9 are only criminal and civil penalties. Further, a citation based on a false entry in the government record should be deemed void and not a criminal citation.

Ms. Porretto's references to the strict rule of construction were to highlight that the Court is to look to the language of the ordinance – all of the language. Given Sec. 29-2(p) adopts 31 TAC 15-9 to establish the penalties the inconsistent reference to the word "misdemeanor" in Sec. 29-2(p) would be inconsistent with the state regulations. Since state regulations govern in the case of inconsistency under 29-2, then the only penalties that can be applied are civil and administrative.

The Court's finding was in error and should be amended or vacated.

**ISSUE 5 – Whether a federal district court has jurisdiction under 28 U.S.C. 1331 over claims alleged under a City Code Sec. 29-2 which is promulgated requiring compliance with and incorporating federal mandates and federal statues and require consistency between federal law, state law and the city ordinances.**

Porretto alleged federal subject matter on multiple grounds in this case including the face of Sec. 29-2 which expressly adopts federal mandates and federal statutes, as well as subject matter grounds based on the false statements in the public record, *i.e.* citation as well as the plans incorporated in Sec. 29-2.[35] This is an important question of law that impacts not only Ms. Porretto, but other property owners which may be subject to an allegedly criminal citation under Sec. 29-2 including the City itself if a citizens complain against the Park Board or City for doing anything that violations Sec. 29-2. On information and belief, Ms. Porretto is the only property owner who has

_____

[35] ECF 13

served a citation for an alleged violation of Sec. 29-2.

Where federal common law supplies the substantive law governing the plaintiff's claim, the plaintiff may proceed with its claim, but under principles of federal and not state law Section 1331 of Title 28 of the United States Code provides: The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division where such action is pending.

The grant of jurisdiction in Section 1331 covers not only constitutional or statutory claims, but also those "founded upon federal common law." *National Farmers Union Insurance Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 850 (1985). As the Supreme Court has explained, federal common law must govern controversies which touch on the interests of federalism and because of the need for a uniform rule of decision. *Illinois v. City of Milwaukee*, 406 U.S. 91, 103, 105, n.6 (1972) (Milwaukee I). The federal consistency in costal management is one of those interests of federalism.

The Fifth Circuit upheld the removal of putative state-law claims on the ground that they were governed by federal common law. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542-543 (5th Cir. 1997) (permitting removal where a state-law claim raised "substantial questions of federal common law").The Supreme Court recognized that federal common law can function in the same way as completely preemptive statutes in the context of "a state-law complaint that alleges a present right to possession of Indian tribal lands." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 n.8 (1987); *see also, American Electric Power Co. v. Connecticut,* 564 U.S. 410 (2011) (climate

litigation plainly implicates federal questions).

Because a party may remove a case to federal court when it could have originally been filed in federal court, 28 U.S.C. § 1441(a), defendants may remove cases raising federal claims to federal court.

**ISSUE 6 – Whether a federal district court has jurisdiction under 28 U.S.C. 1331 when a party raises civil rights claims in the notice of removal in response to receiving a citation which is later established to have a false entry**

Ms. Porretto's notice of removal alleges that her civil rights were violated by the issuance of a Citation where the City Attorney who pursuant to City Code Sec. 22-61 serves as the Chief Municipal Prosecutor for all code enforcement actions whether civil or criminal was identified as the witness for the Citation and had improperly ordered the Galveston Police Department contrary to State law which provides ""It is the primary duty of a municipal prosecutor not to convict, but to see that justice is done." Article 45.201(d)Texas Code of Criminal Procedure.

The notice of removal specifically cites to 42 USC § 1983[36] (which is a civil rights statute for deprivation of rights) which the court has original jurisdiction to consider under 28 U.S.C. 1331. The Notice of Removal further alleges the Citation was an abuse of process, official oppression, retaliatory and Ms. Porretto was disparately treated.

The Court cites to *Woodard-Hall v. STP Nuclear Operating Co.*, 473 F. Supp. 3d 740, 744 (S.D. Tex. 2020) to support remand despite Sec. 29-2 invoking federal law on the face of the ordinance requiring consistency with federal mandates and statutes, but also the Notice of Removal invokes federal law given the citation is a government record with a false entry whereby it is an

---

[36] The

offense of Texas Penal Code 37-10 for a party to use such government record against a citizen.

The issues regarding the Court's jurisdiction when there are federal issues involved is the subject of recent Supreme Court caselaw and pending cases before the Supreme Court. Justice Gorsuch for the majority in *BP P.L.C. v. Mayor of Baltimore*, 141 S. Ct. 1532, 1543. (2021) found remand was improper in climate change cases. The Supreme Court opined that "Normally, federal jurisdiction is not optional; subject to exceptions not relevant here, "courts are obliged to decide cases within the scope of federal jurisdiction" assigned to them. *Sprint Communications, Inc.* v. *Jacobs*, 571 U.S. 69, 72 (2013)."

The denial of the motion to strike the motion to remand was in error and Court should vacate its ruling granting the motion to remand and strike it. Alternatively, the grant of the motion to remand was in error and should be vacated given the court has original jurisdiction under 1331.

## <u>CONCLUSION</u>

For the reasons stated above, Ms. Porretto respectfully requests that the motion for new trial be granted with the Memorandum Opinion and Order at ECF 30 vacated, the Motions to Strike granted, and the Order at ECF 28 be amended to be denied as moot and without prejudice. Ms. Porretto further requests any other relief deemed fair and equitable.

/s/Deirdre Carey Brown

Deirdre Carey Brown

Texas Bar No. 24049116
FORSHEY & PROSTOK, LLP
1990 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Ph 832-536-6910
Fax 832-310-1172
dbrown@forsheyprostok.com
Counsel for Sonya Porretto